THE STATE, EX REL. COX,
APPELLEE AND CROSS-APPELLANT, *v.*
INDUSTRIAL COMMISSION ET AL.,
APPELLANTS AND CROSS-APPELLEES.

[Cite as State, ex rel. Cox, v. Indus. Comm. (1981),
67 Ohio St. 2d 235.]

(No. 80-1527—Decided July 15, 1981.)

*E. S. Gallon & Associates, L.P.A.,* and *Mr. Jeffrey V. Nackley,* for appellee and cross-appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas*

*E. Skilken,* for appellant and cross-appellee Industrial Commission.

*Smith & Schnacke, L.P.A., Mr. Gary W. Auman* and *Ms. Jennifer A. Cox,* for appellant and cross-appellee Inland.

HOLMES, J.   First, it must be noted that the Court of Appeals held Ohio Adm. Code 4121-3-18(A)(1)(b)[1] invalid as being in conflict with R. C. 4121.35(C), whereas, as stated, the rule which was in effect at the time of this matter was 4121-3-20(F)[2]. However, it appears that the same basic procedures were followed under the old rule as now under the new rule, and the underlying issue remains as to whether either rule, in the furtherance of the provisions of R. C. 4121.06(A), conflicts with R. C. 4121.35(C).

In issuing its writ of mandamus, the Court of Appeals held that R. C. 4121.35(C) mandates an appeal of right to the commission from a staff hearing officer's decision denying an additional award. R. C. 4121.35(A) authorizes the appointment of staff hearing officers by the commission to hear and decide matters over which the commission has original jurisdiction. Included in the matters which may be heard and decided by a staff hearing officer are applications for additional awards for violation of a specific safety requirement. R. C. 4121.35(B)(4). R. C. 4121.35(C) reads:

"Staff hearing officers shall hold hearings on all matters referred to them for hearing. Hearing procedures shall conform to the rules of the commission as to notice, records, and

[1] "(b) The claimant and the employer may appeal to the Industrial Commission from a decision of a staff hearing officer on a matter listed in Divisions (B)(1) to (B)(4) of Section 4121.35 of the Revised Code, provided that such a decision was rendered by the staff hearing officer in its own name. If, however, the staff hearing officer acted as a deputy of the Industrial Commission under Section 4121.06 of the Revised Code and its order was approved and confirmed in writing by the majority of the members of the Industrial Commission, there is no appeal to the Industrial Commission from such an order."

[2] "(F) Following the hearing the hearing officer shall reduce recommended order to writing and submit it to the commission for its approval.

"(1) If the commission approves the order, it shall adopt the order by vote of a majority of the commission and sign the order.

"(2) If the commission does not approve the recommended order it shall by a majority vote adopt such order as it deems appropriate.

"(3) Copies of the order signed by the commission is [*sic*] to be mailed to all parties."

the form of the decision. Any person adversely affected by a decision of a staff hearing officer on a matter of original jurisdiction under divisions (B)(1) to (4) of this section may of right appeal that decision directly to the industrial commission."

Applying R. C. 4121.35(C) alone, there would appear to be an appeal of right to the commission from a decision of a staff hearing officer. However, the commission and Inland (appellants) argue that there is an alternative method that the commission may employ to resolve matters such as the present one. They argue that when this method is employed there is no appeal to the commission.

The alternative method is an application of R. C. 4121.06 (A) which provides, in part:

"***Any investigation, inquiry, or hearing which the commission is authorized to hold or undertake may be held or undertaken by or before any one member of the commission, or by or before one of the deputies of the commission except as otherwise provided in Chapters 4121 and 4123 of the Revised Code, and every order made by a member, or by a deputy, when approved and confirmed by a majority of the members, and so shown on its record of proceedings, is the order of the commission."

The argument of the appellants is that since the staff hearing officer's decision was approved and confirmed by a majority of the commission's members, the staff hearing officer was acting as a deputy and his decision was the order of the commission. Appellants further say that since the decision was the order of the commission, there can be no appeal to the commission because R. C. 4121.35(C) provides for an appeal only from the decision of a staff hearing officer.

Appellee argues that R. C. 4121.06(A) is not applicable to a request for an additional award for a violation of a specific safety requirement. Appellee points out that R. C. 4121.06(A) is limited by its own language to matters "except as otherwise provided in Chapters 4121 and 4123***." Appellee continues that since R. C. 4121.35 provides an alternative procedure for the resolution of matters such as the present one, R. C. 4121.06(A) does not apply.

We agree with the position of appellants. The language in R. C. 4121.35, by which the commission delegates its adjudi-

cative functions to staff hearing officers in matters over which the commission has original jurisdiction, is permissive,[3] not mandatory. The commission, at its discretion, may appoint a staff hearing officer to hear certain matters on his own without the requirement that the commission approve and confirm the staff hearing officer's decisions. Subsection (B)(4) specifically authorizes applications for additional awards for violations of specific safety requirements to be heard by staff hearing officers. If this approach is taken by the commission, procedural safeguards are provided the claimants by R. C. 4121.35(C) which grants a right of appeal of these decisions to the Industrial Commission.

It is argued by the appellee that the right of a deputy to hear applications for "additional award" cases is excepted by the language of R. C. 4121.06(A), which reads "except as otherwise provided in Chapters 4121 and 4123." The appellants point out that this "excepting" language was placed in S. B. No. 545, the so-called omnibus workers' compensation reform bill, to accommodate the provisions of R. C. 4121.34 which granted certain original jurisdiction powers of the commission to district hearing officers. Appellants state that this qualifying amendment to R. C. 4121.06(A) pertains to the delegation of the commission's adjudicative function rather than the procedural safeguards of appeal afforded the parties.

We are in agreement with the appellants in this regard. We conclude that the qualifying language modifies the clause which grants the commission the power to delegate its adjudicative function. The qualification would seem to be reasonably necessitated by the grant of original jurisdiction to district hearing officers pursuant to R. C. 4121.34.

Based upon the foregoing, we hold that R. C. 4121.06(A) and 4121.35 may be utilized in the alternative by the Industrial Commission in the hearing of additional awards for specific safety violations and hold that Ohio Adm. Code 4121-3-18 (A)(1)(b) and 4121-3-20(D), (E), (F) and (G) comport with R. C. 4121.06(A), and when these procedural provisions are followed by the Industrial Commission the provisions of R. C. 4121.35(C) do not apply.

---

[3] R. C. 4121.35(A) states that the commission *may* appoint staff hearing officers. Likewise, permissive language is present in R. C. 4121.35(B).

Next we must decide whether the commission abused its discretion in not finding that appellee's injuries were caused by Inland's violation of a specific safety requirement.

Appellee's complaint alleges that her injuries resulted from Inland's failure to comply with regulations IC-5-03.05(A) and IC-5-03.06(B), requiring guards to protect workers from machinery.[4] Specifically, appellee alleged that at the time of her injuries she was operating a "spin line," a conveyor belt that carries metal parts. Further, she stated that the machine jammed and when she attempted to free the machine her hand became caught in the machinery. Appellee asserted that her injury occurred because a guard, designed to protect workers from certain moving parts within the conveyor line, had been removed. As stated above, the commission denied appellee's request for an additional award, finding that no specific safety requirement was violated when appellee sustained her injuries.

In *State, ex rel. Humble,* v. *Mark Concepts, Inc.* (1979), 60 Ohio St. 2d 77, this court, at page 79, listed certain principles that govern the allowance of a writ of mandamus to compel the granting of an additional award for violation of a specific safety requirement, as follows:

"The law in Ohio is well settled. The determination of disputed factual issues and the interpretation of regulations is within the sound discretion of the Industrial Commission. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 50. This rule is sometimes referred to

---

[4] These sections provide in pertinent part:

"IC5-03.05 SHAFTS AND FLYWHEELS

"(A) REVOLVING SHAFTING

"All revolving shafting and couplings thereof, located six (6) feet or less above the floor or platform and exposed to contact shall be guarded."

"IC5-03.06 GEARS, SPROCKETS AND FRICTION DRIVES

"* * *

"(B) GUARDING

"(1) All or any part of a set or train of gears, exposed to contact, shall be completely guarded or have a band guard around the face of the gear with the side flanges extending inward beyond the root of the teeth. Where there are openings of more than two and one-half (2-½) inches between arm or through web, the entire gear shall be guarded.

"* * *

"(4) Frictional Disc and Sprocket Drives

"Frictional discs and sprocket drives shall be guarded."

as the 'some evidence' rule, *i.e.,* where the record contains some evidence to support the commission's factual findings, these findings will not be disturbed. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 283; *State, ex rel. Capitol City Excavating Co.,* v. *Indus. Comm.* (1978), 54 Ohio St. 2d 184, 188-189. Mandamus is available only upon a showing of abuse of discretion by the Industrial Commission. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16. Where the uncontested evidence shows a violation of a specific safety requirement the Industrial Commission has abused its discretion and mandamus will be granted. *State, ex rel. Truckey,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 132.''

Inland and the commission argue that there is evidence in the record to support the commission's finding. We disagree.

Here, in that no formal hearing was requested pursuant to Ohio Adm. Code 4121-3-20, no new evidence was accepted at the hearing and only arguments were presented by the parties. The only evidence before the staff hearing officer, and the Industrial Commission upon its review of the hearing officer's order and the file, was the investigation report of the special investigator for the commission's Division of Safety and Hygiene. The record shows that this investigator, William C. Brown, interviewed the claimant and three witnesses. He also obtained an accident report that had been made by a district committeeman at the plant.

The appellee states, and the investigator's report would seem to show, that she suffered her injury while attempting to remove one of the pieces in production that had been caught in the conveyor which required reaching her hand near the chain sprocket gear, drive shaft, and conveyor end drive from which the guard had been removed. Her hand became caught in the chain drive resulting in the injury recognized in her claim.

The affidavits taken by the investigator from those at Inland were in agreement that a guard had been removed from this area of the machinery prior to the time of the injury.

The confusion here that casts serious doubt upon the order of the commission revolves about the statement of the staff hearing officer in denial of the additional award. He stated in his hearing notes that the "guard at the top guarded the pinch

point in question. The guard that was removed was not to protect this pinch point."

Concerning this point of the causal connection between the absence of the necessary guard plates, and the injury sustained by the claimant, the report of the investigator would seem to supply the evidentiary material to show the presence of such causal connection. However, there are no photographs or drawings (other than a very rough hand drawing) of the machine, the gears, drives, conveyors, etc., nor other evidence relative thereto, for a reviewing court to determine this issue. In this regard, the Court of Appeals quite understandably stated:

"Upon review of the record, this court cannot properly ascertain the basis of the holding by the staff hearing officer, nor can we understand the facts concerning relator's injury."

If the Court of Appeals could not from the record properly ascertain the basis of the holding of the staff hearing officer, the question is reasonably posed as to how the Industrial Commission could have so ascertained the basis of the order.

Although we have concluded, pursuant to our discussion of the first issue presented, that the commission may utilize the procedure in R. C. 4121.06 for conducting hearings on these matters without requiring a direct appeal to the commission, there still must be a proper review of the hearing officer's decision, and of the record, in order for the commission to properly enter its order approving or disapproving the staff officer's decision.

Here, upon a review of all the record, we hold that there was an absence of evidence before the commission upon its review of the staff hearing officer's decision to have entered its order in support thereof.

Therefore, we conclude that the Industrial Commission abused its discretion in this regard, and hold that a writ of mandamus should be issued directing the Industrial Commission to grant this claimant a hearing for the purpose of allowing both parties to adduce any and all evidence necessary to establish whether there has been a violation of a specific safety requirement pertaining to the use of the machinery in question.

Accordingly, the judgment of the Court of Appeals is

vacated, and a writ is hereby issued in accordance with this opinion.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

CLIFFORD F. BROWN, J., concurring in part and dissenting in part.

While wholeheartedly agreeing with the statement of the case as set forth in the syllabus, I dissent from the holding of the majority that a hearing before the commission is necessary to adduce additional evidence relating to causation of claimant's injury. I believe a writ of mandamus should issue directing the commission to find her injuries to be caused by Inland's failure to comply with specific safety requirements. The record, including the report of the investigator which stands unrefuted, conclusively established that claimant's injuries resulted from Inland's failure to comply with regulations IC-5-03.05(A) and IC-5-03.06(B) requiring guards to protect workers from machinery.

By granting claimant a hearing before the commission to cure the alleged "absence of evidence," the majority erred on the side of caution. Nothing more need be established concerning claimant's injury. This case should end here and now.