THE STATE, EX REL. ROBERTS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF
OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Roberts, *v.* Indus. Comm. (1984), 10 Ohio St. 3d 1.]

(No. 83-716—Decided March 7, 1984.)

1

*Mr. Burt H. Sagen, Messrs. Mancino, Mancino & Mancino* and *Mr. Paul Mancino, Jr.,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Merrill H. Henkin,* for appellee Industrial Commission.

*Burke, Haber & Berick Co., L.P.A., Mr. Robert S. Stone* and *Mr. Kenneth J. Walsh,* for appellee Mobile Industrial Services of Ohio, Inc.

*Per Curiam.* In his application for an additional award based on Mobile's alleged violation of a specific safety requirement, appellant listed Sections 1261 through 1274, Title 15, U.S. Code, Sections 1116 through 1750, Title 16, C.F.R., and R.C. Chapter 3716 as having been violated. Appellees argue that these sections are inapplicable to the instant proceeding and, as such, were properly rejected by the commission.

In *State, ex rel. Trydle,* v. *Indus. Comm.* (1972), 32 Ohio St. 2d 257 [61 O.O.2d 488], the construction of the term "specific safety requirement" was addressed as follows:

"The term, 'specific requirement,' as used in Section 35, Article II of the Constitution of Ohio, does not comprehend a general course of conduct or general duties or obligations flowing from the relation of employer and employee, but embraces such lawful, specific and definite requirements or standards of conduct as are prescribed by statute or by orders of the Industrial Commission, and which are of a character plainly to apprise an employer of his legal obligation toward his employees." *Id.* at paragraph one of the syllabus.

Continuing, the court stated:

"Failure of an employer to comply with a requirement does not justify an

additional award unless the requirement (1) was enacted either by the General Assembly or by an order of the Industrial Commission, and (2) the requirement is specific as opposed to general and (3) the requirement is for the protection of the lives, health, or safety of employees." *Id.* at paragraph two of the syllabus.

Applying the foregoing principles to the instant action leads this court to conclude that the commission properly rejected appellant's asserted safety violations premised upon the previously specified sections of the United States Code and the Code of Federal Regulations. For purposes of this proceeding, Mobile is subject only to those specific safety requirements "enacted either by the General Assembly or by an order of the Industrial Commission." Since the specified code sections have not been enacted by either the General Assembly or the commission, they are not specific safety requirements for which Mobile can be held accountable in a workers' compensation claim. Likewise, R.C. Chapter 3716 does not constitute a specific safety requirement since this chapter does not set forth a specific and definite standard of conduct owed by employers to their employees.

Regarding the denial of his claim that Mobile violated the safety requirements contained in Ohio Adm. Code 3701-19-05, 3701-19-06 and 4121:1-5-18, appellant contends there is no evidentiary foundation upon which the commission could have reasonably confirmed the staff hearing officer's order. As such, appellant seeks to have the cause remanded to the commission for further review on the authority of *State, ex rel. Cox,* v. *Indus. Comm.* (1981), 67 Ohio St. 2d 235 [21 O.O.3d 147].

In *Cox,* we also reviewed a denial by the commission of a claim for an award based upon the violation of a specific safety requirement. The record therein contained no photographs or drawings (other than a very rough hand drawing) of the machine in question, when the critical consideration centered upon the causal connection between the absence of a machine guard and an injury sustained by the claimant. We emphasized the absence of evidence in the commission's file on this issue because the hearing officer stated in his hearing notes that " '[t]he guard that was removed [from the machine] was not to protect this pinch point,' " while affidavits obtained by the commission's investigator demonstrated that there had been a guard on the machine at the location where the claimant sustained her injury. *Id.* at 241-242. The absence of evidence in the commission's file on this issue led the court to state in paragraph three of the syllabus as follows:

"To be a proper order of the Industrial Commission, entered pursuant to R.C. 4121.06(A), the record must show that a majority of the commission could reasonably have based their approval and confirmation of the staff officer's order upon evidentiary matters within the record." Since the record did not contain the requisite degree of evidentiary materials, the cause was remanded for additional proceedings.

The record in the present cause, however, which includes the hearing officer's notes, affidavits from appellant and his employer, and a twenty-seven

page investigatory report with photographs and drawings, provides ample evidence upon which the commission could have reasonably based its approval of the hearing officer's determination. The record reveals appellant's position is that while cleaning the tank car he was overcome by fumes, fell, and received burns as a result of coming into contact with the cleaning solution. He admits using a chemical solvent while cleaning the tank car, yet he has failed to explain from whom he obtained permission to use the solvent.

Conversely, Mobile's position, which is well-supported by the record, is that appellant used a chemical solvent instead of a water blaster to clean the interior walls of the tank car, even though he was trained and specifically instructed not to use any chemical solutions without permission. An affidavit of Daniel Conkey, the employer's representative, details that appellant was trained in tank car cleaning and concomitant safety procedures, including the ventilation of a tank car before and during the cleaning procedure. Moreover, the record demonstrates that ventilation equipment was available, as was a water blaster, neither of which was utilized by appellant. The investigative report also contains photographic exhibits of the safety equipment at the jobsite, instruction procedures for tank car cleaning, invoices demonstrating Mobile's purchase of related safety equipment, and the work order for the tank car appellant was cleaning which contained the following hand-printed warning: *"DO NOT* USE ANY CHEMICALS WITHOUT PERMISSION."

Unlike the facts presented in *Cox,* the hearing officer's determination in the subject cause was based upon a full record of affidavits, photographs and other evidentiary materials upon which the commission could reasonably base its approval and confirmation.

It is firmly established in this state that the determination of disputed factual situations as well as the interpretation of a specific safety requirement is within the final jurisdiction of the commission, and subject to correction by action in mandamus only upon a showing of an abuse of discretion. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47 [1 O.O.2d 190]; *State, ex rel. Cox, supra.* See, also, *State, ex rel. Samkas,* v. *Indus. Comm.* (1982), 70 Ohio St. 2d 279 [24 O.O.3d 364]. In view of the record before this court, the commission's decision does not constitute an abuse of discretion.

Appellant next argues that the commission erred in considering the affidavit of Daniel Conkey, submitted on behalf of Mobile. In his affidavit, Conkey first states that he was not a witness to appellant's injury. He then recites company policy regarding safety procedures to be employed when cleaning railroad tank cars, and that appellant received extensive training in this area and should have been using a water blaster and the proper ventilating equipment when cleaning the interior walls of the car.

Specifically, appellant contends that Conkey's affidavit should not have been considered by the commission based on Evid. R. 602 and 801(C) which involve, respectively, witnesses testifying on matters about which they have no personal knowledge, and hearsay. Essentially, appellant seeks to have this

court apply technical rules of evidence to proceedings conducted before the commission. Appellant's contention, however, does not reflect the law applicable to workers' compensation proceedings in Ohio.

R.C. 4123.10 provides:

*"The industrial commission shall not be bound by the usual common law or statutory rules of evidence* or by any technical or formal rules of procedure, other than as provided in sections 4123.01 to 4123.94, inclusive, of the Revised Code, *but may make an investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of such sections."* (Emphasis added.)

By its unequivocal terms, R.C. 4123.10 grants the commission considerable discretion regarding the evidence which it considers, thus negating appellant's argument that Conkey's affidavit was improperly considered, assuming, *arguendo,* the applicability of Evid. R. 602 and 801(C). Moreover, this court has previously recognized that by virtue of R.C. 4123.10, the commission is vested with the authority to admit and consider materials of a quasi-evidentiary nature. *State, ex rel. Dodson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 408, 410 [16 O.O.3d 439]. Accord *Pennsylvania-Ohio Power & Light Co.* v. *Orwick* (1930), 122 Ohio St. 497.

For the foregoing reasons, the judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.