THE STATE, EX REL. POSEY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO; DIAMOND SHAMROCK CORPORATION, APPELLEE.

[Cite as State, ex rel. Posey, *v.* Indus. Comm. (1984), 12 Ohio St. 3d 298.]

(No. 83-893—Decided August 1, 1984.)

Mr. *Dennis C. Belli* and Mr. *David P. Rieser*, for appellant.

Mr. *Jack L. Johnson*, for appellee.

*Per Curiam.* It is well-settled that "'* * * the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16 [58 O.O.2d 70]. See, also, *State, ex rel. Griffin,* v. *Indus. Comm.* (1982), 70 Ohio St. 2d 264 [24 O.O.3d 348]. Only where there is no evidence upon which the commission could have based its factual conclusion will an abuse of discretion be found. *State, ex rel. Questor Corp.,* v. *Indus. Comm.* (1982), 70 Ohio St. 2d 240, 241 [24 O.O.3d 334], citing *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165 [22 O.O.3d 400].

Appellant contends that the commission abused its discretion in denying the reactivation of temporary total disability benefits based upon the medical report of Dr. Long. Appellant's contention is meritorious in that, as noted earlier, Dr. Long's report does not indicate to what degree, if any, appellant

was disabled as a result of the 1976 industrial injury. Instead, while noting prostate and phlebitis problems after conducting the physical examination, Dr. Long concluded: "All in all my recommendation would be for this man probably to be re-evaluated somewhere with a total body myelogram and EMG [electromyelogram]." In view of this conclusion, we hold that the commission was not justified in granting or denying benefits on the basis of Dr. Long's report.

Appellant next contends that since the report submitted by Dr. Long cannot be the basis for the denial of the reactivation of his claim, the benefits should have been awarded on the authority of Dr. Hochschuler's medical report. An examination of this report demonstrates that it casts little, if any, additional light on whether appellant's 1976 injury continued to render him temporarily and totally disabled.

For example, although Dr. Hochschuler concluded that appellant was totally disabled, his report was not confined to the lower back injury, but included other physical problems which appellant was experiencing including a pulmonary embolus and other vascular problems. Like Dr. Long, Dr. Hochschuler was unable to issue an opinion as to whether or not appellant's 1976 industrial injury continued to render him temporarily and totally disabled, and he also recommended that further medical tests be scheduled.

In his April 1981 report, Dr. Hochschuler states as follows:

"Due to the fact that the patient is on Coumidin [sic], I am hesitant to proceed at this time with further evaluation. I have told him to speak with his physician in regards to the Coumidin [sic] and see if indeed we can stop this for a while to fully evaluation [sic] his back or at least plan to evaluate his back in the future as soon as he is off the Coumidin [sic]. * * *"

Aside from the aforementioned medical reports, the commission received two additional reports for consideration in March 1982. After examining appellant, Dr. Ann C. Arnold reported the presence of lower back pain in addition to pulmonary disease, an enlarged prostate and a recent episode of thrombophlebitis. She too did not render an opinion as to whether appellant was disabled due to his back injury, but she did conclude that "[t]his patient needs a very careful and extensive medical evaluation while in the hospital."

Dr. Jacob N. Wolfman examined appellant on March 8, 1983. He stated in his report that although appellant was experiencing lower back pain, he also had other medical complications including pulmonary thromboemboli and post-surgical hernia difficulties. Dr. Wolfman did not opine as to whether appellant's industrial injury caused him to be temporarily and totally disabled, but, like the other examining physicians, recommended further medical evaluation.

Of the four medical reports considered by the commission, not one contains an opinion as to whether appellant's 1976 lower back injury continues to cause him to be temporarily and totally disabled. Although it is well-settled that there must be a causal connection between an injury arising out of and in the course of a worker's employment and a claimed disability, see *Gilbert*

v. *Midland-Ross* (1981), 67 Ohio St. 2d 267, 270 [21 O.O.3d 168], the examining physicians in the subject cause were unable to confirm or deny that appellant's back injury caused him to be temporarily and totally disabled. The question then arises, if the examining physicians were unable to issue opinions as to whether appellant's back injury continued to cause him to be temporarily and totally disabled, how could the Industrial Commission grant or deny the application based upon any of these medical reports?

In view of the within record, we conclude that this cause is governed by our decision in *State, ex rel. Cox,* v. *Indus. Comm.* (1981), 67 Ohio St. 2d 235 [21 O.O.3d 147]. Therein, we examined a decision by the commission which denied a claim for additional benefits wherein it was asserted that the employer violated a specific safety requirement. With the exception of a very rough hand-drawn sketch, the record did not contain photographs or detailed drawings of the machine in question, when the primary consideration centered upon the causal connection between the absence of a machine guard and the injury sustained by the claimant. We emphasized the absence of evidence on this issue in view of the fact that the hearing officer's notes stated that " '[t]he guard that was removed [from the machine] was not to protect this pinch point[,]' " even though affidavits in the commission's file demonstrated that there had been a guard located on the machine at the precise point where the claimant sustained her injury. *Id.* at 241-242. The lack of evidence on this issue led this court to state in paragraph three of the syllabus:

"To be a proper order of the Industrial Commission, entered pursuant to R.C. 4121.06(A), the record must show that a majority of the commission could reasonably have based their approval and confirmation of the staff officer's order upon evidentiary matters within the record."

Having found that the record in *Cox, supra,* was devoid of evidence necessary to enable the commission to approve or deny the staff hearing officer's order, the cause was remanded for further proceedings.

As in *Cox,* the evidence of record in the present cause does not aid the commission in determining the validity of appellant's application for workers' compensation benefits. Although the medical reports in the file do recognize a variety of physiological problems from which appellant suffers, nevertheless, it does not necessarily follow that appellant is not temporarily and totally disabled as a result of the 1976 industrial injury. Most importantly, the examining physicians concur on one essential element — in order to evaluate any disability appellant suffers as a result of his lower back injury, further medical testing and evaluation is necessary.

Accordingly, we conclude, as in *Cox,* that a limited writ of mandamus issue directing that the Industrial Commission proceed to have further medical evaluations performed to determine to what extent, if any, the industrial injury caused appellant to be disabled. As in *Cox,* subsequent to such medical evaluations, the commission shall grant a hearing to allow the claimant and the employer an opportunity to present such additional evidence.

For the foregoing reasons, the judgment of the court of appeals is hereby vacated and a writ is issued in accordance with this opinion.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. To be successful herein, appellant has the burden of showing a clear legal right to a writ of mandamus. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141]. In my view, appellant has not satisfied his burden of proof and, therefore, I dissent.

In his medical report, Dr. Warren D. Long reported a finding of irregular functioning of appellant's lower extremities, as well as a history of other physical problems not related to appellant's allowed condition. In addition, Dr. Stephen H. Hochschuler noted similar findings with regard to appellant's legs. This evidence warrants a conclusion by the commission that, while appellant might have been totally disabled, his conditions other than the one recognized contributed to this disability.

Accordingly, I would affirm the judgment of the court of appeals.