THE STATE, EX REL. GENTZLER TOOL & DIE CORP., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as State, ex rel. Gentzler Tool & Die Corp., *v.* Indus. Comm. (1985), 18 Ohio St. 3d 103.]

(No. 83-596—Decided July 3, 1985.)

104

*Buckingham, Doolittle & Burroughs* and *Timothy C. Campbell,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Lee M. Smith* and *Douglas M. Kennedy,* for appellee.

*Per Curiam.* The question before this court is whether there is any evidence in the record to support appellee's finding that "* * * claimant's injury was the result of employer's failure to provide sufficient guards for

the two-phase process during the *entire* operating cycle of the machine, as required by IC-5-08.03(A) * * *." (Emphasis *sic.*)

IC-5-08.03(A)(1) stated:

"Every power press in use shall be constructed, or shall be guarded to prevent the hands or fingers of the operator from entering the danger zone during the operating cycle."

Additionally, IC-5-08.03(B)(1)(d) specifically provided that the Pull and Restraint or Hold-Back Guard, of the type used on appellant's machine, was acceptable for guarding power presses. These specific safety requirements were enacted to "provide reasonable safety for life, limb and health of employees." IC-5-01.01. Accordingly, in *State, ex rel. M.T.D. Products,* v. *Stebbins* (1975), 43 Ohio St. 2d 114 [72 O.O.2d 63], this court found that the safety requirements do not purport to impose absolute liability for an additional award. The *M.T.D.* court at 118 stated:

"* * * The regulation does not forewarn the employer that, in addition to providing a safety device, the safety device must also be completely failsafe. * * *"

In the instant case there appears to be no evidence to suggest that the Hold-Back Guard used by appellant was ineffective while the press was operating throughout its entire cycle in a normal fashion. To the contrary, within a month after the accident, an investigation by the U.S. Department of Labor's Occupational Safety and Health Administration revealed "no violations of existing or effective [safety] standards." In fact, the evidence before this court indicates the only time the guards failed to operate was when the press was activated manually by a person other than the operator in an attempt to correct an unrelated problem. IC-5-08.03(A), in conjunction with *M.T.D.*, does not require that a power press operator's hands be guarded from ever entering the danger zone. Rather, it is only required that an operator's hands be guarded from entering the danger zone "during the [machine's] operating cycle." Since the evidence before this court supports the conclusion that claimant's injury did not occur during the operating cycle of the power press, and since we discern no evidence indicating that the guards were ineffective during the operating cycle of the power press, appellee's conclusion that appellant violated IC-5-08.03(A) is an abuse of discretion and can not stand.

We must now determine the appropriate remedy for appellee's abuse of discretion. This court was required to make a similar determination in *State, ex rel. Cox,* v. *Indus. Comm.* (1981), 67 Ohio St. 2d 235 [23 O.O.3d 147]. In that case the court held at paragraph three of the syllabus:

"To be a proper order of the Industrial Commission, entered pursuant to R.C. 4121.06(A), the record must show that a majority of the commission could reasonably have based their approval and confirmation of the staff officer's order upon evidentiary matters within the record."

The *Cox* court found that since there was an absence of evidence in the record to support the hearing officer's decision, it was an abuse of discre-

tion for the commission to enter an order in support of that decision, and a rehearing to clarify the evidence was necessary.

In the instant case there is an absence of evidence in the record to support the hearing officer's findings (1) that the guards failed to operate during the entire operating cycle of the machine and, more specifically, (2) that there was a manual phase of operation of the machine during which the guards failed to operate. Therefore, in accordance with *Cox,* a rehearing is necessary to adduce any and all evidence necessary to establish whether there has been a violation of a specific safety requirement.

Accordingly, we reverse the judgment of the court of appeals and order that a writ of mandamus be issued, directing the Industrial Commission to grant appellant a rehearing on the merits of claimant's application for an additional award.

*Judgment reversed*
*and writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.