OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court
of Ohio are being transmitted electronically beginning May
27, 1992, pursuant to a pilot project implemented by Chief
Justice Thomas J. Moyer.
     Please call any errors to the attention of the
Reporter's Office of the Supreme Court of Ohio.
Attention:  Walter S. Kobalka, Reporter, or Deborah J.
Barrett, Administrative Assistant.  Tel.:  (614) 466-4961;
in Ohio 1-800-826-9010.  Your comments on this pilot
project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court
to the full texts of the opinions after they have been
released electronically to the public.  The reader is
therefore advised to check the bound volumes of Ohio St.3d
published by West Publishing Company for the final
versions of these opinions.  The advance sheets to Ohio
St.3d will also contain the volume and page numbers where
the opinions will be found in the bound volumes of the
Ohio Official Reports.

The State ex rel. Gay, Appellee, v. Mihm, Admr., et al.,
Appellants.
[Cite as State ex rel. Gay v. Mihm (1994),     Ohio
St.3d    .]
Workers' compensation -- Courts not precluded from
     ordering Industrial Commission, in mandamus action,
     to award permanent total disability benefits
     notwithstanding the so-called "some evidence" rule,
     when.
                         ---
In a workers' compensation case involving permanent total
     disability, where the facts of the case indicate that
     there is a substantial likelihood that a claimant is
     permanently and totally disabled, courts are not and
     will not be precluded from ordering the Industrial
     Commission, in a mandamus action, to award permanent
     total disability benefits notwithstanding the
     so-called "some evidence" rule.
                         ---
     (No. 92-2560 -- Submitted November 10, 1993 --
Decided February 16, 1994.)
     Appeal from the Court of Appeals for Franklin County,
No. 92AP-7.
     Appellee, George V. Gay, suffered several industrial
injuries during his employment with the city of Cincinnati
water department.  The last injury occurred on March 22,
1985, when appellee fell backwards while pulling on a
length of pipe.  A workers' compensation claim resulting
from the March 1985 injury was recognized for "strain back
* * *; * * * aggravation of pre-existing arthritic changes
of the lumbar spine, sclerosis, spondylolisthesis and
fracture of the pars interaticulais."
     Finding himself unable to return to work following
the March 1985 injury, appellee filed, in December 1988,
an application for permanent total disability
compensation.  A statement included in the application

provides:

"It should be noted that this 59 year old claimant has only a 9th grade education and that he worked soley [sic] as a construction laborer for 29 years and 5 months with the City of Cincinnati Water Works Department prior to this injury. His duties included the laying of pipe, digging ditches, carrying pipe and other heavy equipment. In addition to this he also acted as a truck driver for the Cincinnati Water Works. These are the only duties ever carried out by this claimant until it became impossible for him to continue in the performance of his job due to recognized disability in his compensation claims."

In support of his application for permanent total disability compensation, appellee submitted the medical reports of Dr. Daniel N. Berning and Dr. Lenzy G. Southall. Dr. Berning's 1986 report states, in part, that:

"We are now at the point where [appellee] is considered a [sic] permanent total disability * * *. [Appellee] is a sincere individual but has reached the point where he is not expecting to go back to his former duties. I suppose an exception would be if he could be in a strictly supervisory capacity but then riding in trucks and such is not conducive to comfort of his low back because of the nature of that problem.

"* * * We have established [appellee], in my opinion, as a [sic] permanent and total disability. He is relatively young being only 56 years of age but his work is that of a young man until as an old man he is unable to follow those duties."

Dr. Southall's report, dated November 1, 1988, states, in part: "* * * I have treated * * * [appellee] continuously for his lumbar muscle strain and it is my opinion that [appellee] is permanently and totally disabled to work. It is also my opinion that [appellee] is one hundred (100) percent totally disabled."

An extensive vocational evaluation prepared by George E. Parsons, Ph.D., was also presented in support of the application for permanent total disability compensation. Dr. Parsons's 1990 report reveals that appellee worked as a construction laborer for the city of Cincinnati for most of his entire working life. Appellee's job duties included driving a truck, digging ditches, lifting and laying pipe, and supervising the work of other construction laborers. Appellee was tested by Dr. Parsons for general aptitude in nine separate categories relating to the ability to perform work. Appellee received the lowest possible score in all categories of vocational aptitude tested, with the exception of one category in which he received the second lowest possible score. According to Dr. Parsons's report, the test results showed that appellee's overall work skills were poor, and that appellee was not a viable candidate for rehabilitation services. In his report, Dr. Parsons states:

"At this time, * * * [appellee's] physical limitations restrict him from lifting greater than ten pounds and walking farther than six blocks without rest.

He is further bothered by his legs 'giving out' without warning, causing him to fall.

"Based upon the various restrictions placed upon * * * [appellee], he could not return to his past relevant employment as an employee of the City of Cincinnati Water Works Department, as this would be considered very heavy work activity. * * * [Appellee] is limited further from finding alternative employment by several factors. Objective testing, using primarily the General Aptitude Test Battery, would indicate that overall vocational aptitudes are poor. This factor, taken with his limited education, advanced age, medical condition, and the fact * * * [appellee] has never performed work other than that of a very heavy, semi-skilled nature, contraindicate his viability for rehabilitation.

"In conclusion, based upon the factors noted above, I do not see * * * [appellee] as capable of sustaining gainful employment, and in this regard I find him permanently and totally disabled for all work activity at the present, and within the foreseeable future."

Appellee was examined by Wayne C. Amendt, M.D., on behalf of the Industrial Commission ("commission"), appellant. In his report, Dr. Amendt found that appellee's medical condition was permanent, and that appellee was incapable of returning to his former job duties. However, Dr. Amendt concluded that appellee's medical condition did not prevent appellee from engaging in sustained remunerative employment of a strictly sedentary nature. Dr. Amendt assessed the medical impairment for appellee's industrial injuries at thirty-eight percent.

In May 1991, the commission's legal services section prepared a statement of fact for the hearing on appellee's application for permanent total disability compensation. In that statement, under the heading "Disability Factors," it was specifically noted that appellee had no special training and/or special vocational skills.

On June 11, 1991, the commission conducted a hearing on the application. In an order mailed July 12, 1991, the commission denied the application for permanent total disability compensation, stating, in part:

"[T]he Commission find[s] from proof of record that the claimant is not permanently and totally disabled for the reason that the disability is not total; that is, the claimant is able to perform sustained remunerative employment; that therefore the Permanent Total Disability Application, filed 12/15/88 be denied.

"The reports of Doctors Southall, Berning, Parsons, and Amendt were reviewed and evaluated.

"This order is based particularly upon the reports [sic] of Doctor(s) Amendt, a consideration of the claimant's age, education, work history and other disability factors including physical, psychological and sociological, that are contained within the Statement of Facts prepared for the hearing on the Instant Application, the evidence in the file and the evidence adduced at the hearing. Claimant is 61 years of age and has a 9th grade

education.  He has worked for the water department for 29 years rising to the position of maintenance crew leader, indicating supervisory potential.  Dr. Amendt, orthopedic specialist, states that claimant is capable of sedentary work and has [a] 38% * * * [permanent partial disability].  Based upon the above cited factors claimant is found not to be * * * [permanently totally disabled]."

On January 3, 1992, appellee filed a complaint in mandamus in the court of appeals, alleging that there was no evidence to support the commission's order denying his application for permanent total disability compensation. The court of appeals, citing State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, determined that the commission's order did not contain an adequate explanation of how the nonmedical disability factors justified the commission's decision that appellee is not permanently and totally disabled.  Rather than returning the cause to the commission for compliance with Noll, the court of appeals granted the requested writ of mandamus, directed the commission to vacate the order denying permanent total disability compensation, and ordered the commission to enter a finding that appellee is permanently and totally disabled.

The cause is now before this court upon an appeal as of right.

Krondritzer, Gold, Frank & Crowley Co., L.P.A., and Lane N. Cohen, for appellee.

Lee Fisher, Attorney General, Cordelia A. Glenn, Dennis L. Hufstader and Gloria P. Castrodale, Assistant Attorneys General, for appellants.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, urging affirmance for amicus curiae, Ohio Academy of Trial Lawyers.

Douglas, J.    This appeal presents two issues for our consideration.  The first issue is whether the commission's order denying appellee's claim for permanent total disability compensation satisfies the requirements of Noll, supra.  The second issue is whether the court of appeals abused its discretion by ordering the commission to enter a finding that appellee is permanently and totally disabled.  For the reasons that follow, we affirm the judgment of the court of appeals in all respects.

At the outset it should be noted that some of the verbiage found in our recitation of the facts and in various documents and reports which are all part of this case do not, for even one moment, indicate or imply that appellee is any less a valued human being than any other person.  The tests given, the conclusions and reports drawn therefrom, and our discussions of all these matters are all done with utmost respect and in good faith and are not meant by any person playing a part in this case to be, in any way, demeaning.  In addition, we reaffirm our respect for the commission, its members and its staff for the difficult, never-ending and often unappreciated work which it performs.  Our policy will continue to be

restrained, but not absolute, deference to the commission.

The history of our seemingly constant battle to have the commission explain the reasoning for its decisions is long and storied. We have repeatedly emphasized our frustration with vague commission orders and, today, our frustration continues. Again, as in the past, we reiterate that the commission must prepare fact-specific orders justifying its decisions granting or denying requested benefits. The commission's order in this case does not satisfy the requirements of Noll, supra, or any of our decisions predating or postdating Noll.

In State ex rel. Mitchell v. Robbins & Myers, Inc. (1983), 6 Ohio St.3d 481, 483-484, 6 OBR 531, 533-534, 453 N.E.2d 721, 724-725, this court held that:

"[W]e will, when necessary, henceforth grant a writ of mandamus directing the commission to specify the basis of its decision. Cf. State, ex rel. Cox, v. Indus. Comm. (1981), 67 Ohio St.2d 235 [21 O.O.3d 147, 423 N.E.2d 441]; State, ex rel. GF Business Equipment, Inc., v. Indus. Comm. (1982), 2 Ohio St.3d 86 [2 OBR 639, 443 N.E.2d 147]. In other words, district hearing officers, as well as regional boards of review and the Industrial Commission, must specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested. Moreover, this court will no longer search the commission's file for 'some evidence' to support an order of the commission not otherwise specified as a basis for its decision.

"* * *

"We take this step, first and foremost, because the duty to so specify the basis for its decision is imposed upon the commission by statute. * * *

"Secondly, a decision of a district hearing officer, a regional board of review, or the commission which specifically sets forth the basis for the decision will enable this court, as well as the Court of Appeals for Franklin County, to readily discern the specific grounds relied upon and whether the record supports such a finding when a party to the proceeding initiates an action for a writ of mandamus. Our task will be eased by a succinct statement setting forth only that evidence relied upon in reaching a decision and why the claimant was granted or denied requested benefits. In addition, and equally as important, those parties precluded from perfecting an appeal in accordance with R.C. 4123.519 will be better advised as to why a particular decision was reached."

Therefore, Mitchell clearly requires that the commission specify, in each case, the evidence upon which it relies, and further requires that the commission explain why the claimant is or is not entitled to the benefits requested.

In State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, 173, 31 OBR 369, 374, 509 N.E.2d 946, 951, we held that the commission must "* * * look at the claimant's age, education, work record, and all other

factors, such as physical, psychological, and sociological, that are contained within the record in making its determination of permanent total disability." We reached this conclusion because it is the commission's duty to evaluate the evidence of the claimant's ability to continue to work.  Id. at 170, 31 OBR at 372, 509 N.E.2d at 949-950.  A thorough consideration of the Stephenson factors is indispensable to the determination of permanent total disability, where a claimant's medical capacity to do work is not dispositive and the claimant's nonmedical disability factors indicate that the claimant cannot realistically return to the job market.  See State ex rel. Lawrence v. Am. Lubricants Co. (1988), 40 Ohio St.3d 321, 322, 533 N.E.2d 344, 346.  In Stephenson, we found no indication that the nonmedical disability factors were considered by the commission and, accordingly, we remanded the cause to the commission for consideration of those factors and (citing Mitchell) for an amended order stating the commission's findings after such factors were considered.  Id. at 173, 31 OBR at 374-375, 509 N.E.2d at 951.  Obviously, we remanded the cause in Stephenson for an amended order wherein the commission would consider the nonmedical disability factors and briefly explain, in accordance with Mitchell, how those factors justified the commission's ultimate determination granting or denying benefits.

     Nevertheless, following Mitchell and Stephenson, the problem with vague commission orders persisted.  In Noll, supra, syllabus, we held that:  "In any order of the Industrial Commission granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision."  In Noll, we found that a boilerplate incantation that the Stephenson factors were considered was not enough to satisfy Mitchell, Stephenson, or any of our other cases addressing the duty of the commission to explain the basis for its decisions.  Id., 57 Ohio St.3d at 205, 567 N.E.2d at 248.  Noll quite clearly stands for the proposition that the commission must explain, in its orders, how the Stephenson factors, if pertinent, support the commission's determination granting or denying the requested benefits.

     The commission's order in this case does not adequately explain how the Stephenson factors were considered, so as to support the commission's decision denying permanent total disability compensation.  In its order, the commission states:  "Claimant is 61 years of age and has a 9th grade education.  He has worked for the water department for 29 years rising to the position of maintenance crew leader, indicating supervisory potential.  Dr. Amendt * * * states that claimant is capable of sedentary work and has [a] 38% * * * [permanent partial disability].  Based upon the above cited factors claimant is found not to be * * * [permanently totally disabled]."  This order is no better than the boilerplate order rejected in Noll.  In fact, in State ex rel. Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452, 458, 619 N.E.2d

1018, 1022, we recently rejected a similar order, finding that that order did not satisfy the requirements of Noll.

In the case at bar, the determination whether appellee is permanently and totally disabled hinges upon a consideration of appellee's nonmedical disability factors. The medical evidence relied upon by the commission indicates that appellee is incapable of returning to his former job duties, but that he is medically capable of returning to some sustained remunerative employment of a strictly sedentary nature. However, we again reiterate that a claimant's medical capacity to work is not dispositive if the claimant's age, experience, education, etc., foreclose the claimant's employability. See State ex rel. Lawrence, supra. Therefore, to adequately justify its decision denying appellee's claim for permanent total disability compensation, the commission, in its order, would need to explain how it is that a sixty-one-year-old medically impaired claimant with a ninth grade education, who has worked as a construction laborer his entire life, who has absolutely no special training or vocational skills, and who has a severely limited vocational aptitude, can realistically return to the job market to do work of a strictly sedentary nature.

Having found that the commission's order violates Mitchell and its progeny, we must now determine whether the court of appeals abused its discretion by ordering the commission to enter a finding that appellee is permanently and totally disabled.

Traditionally, in cases involving Noll noncompliance, the cause is returned to the commission for further consideration and amended order. However, in this case, the court of appeals determined that no useful purpose would be served by "remanding" the cause to the commission to justify a decision that the appellate court apparently believed could not possibly be justified. Therefore, rather than returning the cause to the commission for compliance with Noll, the court of appeals simply ordered the commission to enter a finding that appellee is permanently and totally disabled. We now find (and we recognize that this is a departure from past practice) no abuse of discretion in this regard.

Commission decisions granting or denying requested benefits are generally not to be disturbed in a mandamus action where there is "some evidence" appearing in the commission's order which supports the decision, and where the order otherwise complies with Mitchell and its progeny. However, we note that any medical evidence relied upon by the commission in denying an application for permanent total disability compensation does not constitute "some evidence" supporting the commission's decision unless and until that evidence is considered in light of the Stephenson factors. In other words, any evidence relied upon by the commission in denying an application for permanent total disability compensation must be considered in light of the Stephenson factors before it can become "some evidence" which would support

the commission's decision.  Here, the commission cited no evidence to support its apparent conclusion that appellee's nonmedical disability factors are work-amenable, and all the evidence which appears in the record indicates that the factors are not vocationally favorable.  Realizing this, the court of appeals ordered the commission to do that which should have been done in the first instance, to wit:  for the commission to find that appellee is permanently and totally disabled.

It has been argued (albeit unpersuasively) that the nonmedical disability factors cited by the commission could be considered, in some manner, so as to support the commission's decision denying permanent total disability compensation.  In this regard, appellants urge that the court of appeals erred in granting the requested writ. While we believe that the commission is entitled to deference in its application of the Stephenson factors, we find no evidence in the commission's order which would support the conclusion that appellee's nonmedical disability factors are vocationally favorable. Furthermore, even if the nonmedical disability factors cited by the commission could be interpreted to support the commission's decision, "some evidence" is not a mere "scintilla" or "shred" of evidence.  Applying the factors cited by the commission to deny permanent total disability compensation crosses the line from questionable to ludicrous.  There comes a point in time when, in light of the overwhelming evidence, the courts must say, "enough is enough."  That time has arrived, we have had enough, and so, too, did the court of appeals.  The facts of this case are clear.  Appellee is currently sixty-four years of age.  He has been employed as a construction laborer throughout his entire working life.  He is medically incapable of returning to work as a construction laborer. He has a limited educational background and a proved inability to develop the skills necessary to perform any other type of employment.  What more did (or would) this particular claimant have to do to prove to the commission that he is permanently and totally disabled?  Given the record in this case, what purpose could possibly be served by returning this cause to the commission for it to attempt to justify the position that appellee is not permanently and totally disabled?  We agree with the court of appeals that returning this matter to the commission for an amended order would be an exercise in futility. Under these circumstances, we believe that the court of appeals was correct to issue the writ ordering that the commission enter a finding that appellee is permanently and totally disabled.

In any event, despite appellants' protestations, we will not allow our creation of the "some evidence" rule, or our tradition of returning causes to the commission for Noll compliance, to box us (or any other appellate court) into the position of being unable to correct unreasonable commission decisions like the one involved in this case. The courts in this state are charged with the responsibility to administer justice without denial or

delay, and we will simply not allow the Industrial Commission to continue to operate in the manner demonstrated in this case. Although, for now, we continue to adhere to the "some evidence" rule, we note that that rule is not carved in stone. Accordingly, in a workers' compensation case involving permanent total disability, where the facts of the case indicate that there is a substantial likelihood that a claimant is permanently and totally disabled, courts are not and will not be precluded from ordering the Industrial Commission, in a mandamus action, to award permanent total disability benefits notwithstanding the so-called "some evidence" rule.

We admonish the commission that it must make significant efforts to comply with our decisions or, in the future, we may reconsider our position on the "some evidence" rule and, however difficult it may be, take other (more intrusive) measures to ensure that justice is done at the commission level.

For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

A.W. Sweeney, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., and Wright, J., concur separately.

Moyer, C.J., concurring separately. I concur in the majority's conclusion that the Industrial Commission abused its discretion. However, because I believe we should not create a new test for determining whether the Industrial Commission has abused its discretion in issuing permanent total disability orders, I dissent from the syllabus and the language in the opinion supporting the syllabus.

Unquestionably, the commission's order failed to properly apply the factors enunciated in State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, to the evidence in the record. When the Stephenson factors are combined with even the one medical report herein indicating claimant is less than permanently and totally disabled, there is not some evidence to support the commission's order.

The court of appeals correctly observed that the commission's order does not contain an adequate explanation of how the nonmedical disability factors justify the commission's conclusion that the claimant is not permanently and totally disabled, as required by State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

Rather than decide this case on the some-evidence rule, which is currently and has been intermittently the standard announced by this court, the majority opinion introduces a new standard for the review of permanent total disability orders. The majority says that: "[W]here the facts of the case indicate that there is a substantial likelihood that the claimant is permanently and totally disabled, courts are not and will not be precluded from ordering the commission, in a mandamus action, to award permanent total disability benefits notwithstanding the

so-called 'some evidence' rule."  Our frustration with the commission's inability to follow Noll and Stephenson in some percentage of its cases, in my opinion, does not warrant the creation of a new rule of appellate review. What does "substantial likelihood" mean -- are we rejecting the some evidence rule?  Which standard is to be applied by the court of appeals and by this court?  How do the standards relate to each other?

The some evidence rule works.  The court of appeals applied it and produced the correct result in this case. If we affirm the court of appeals, it will receive clear direction from this court that it may enter a similar decision in subsequent cases where such a decision is appropriate.

For the foregoing reasons, I would affirm the judgment of the court of appeals for the reasons stated in its opinion.

Wright, J., concurs in the foregoing concurring opinion.