THE STATE, EX REL. FIBER-LITE CORPORATION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Fiber-Lite Corp., *v.* Indus. Comm. (1988), 36 Ohio St. 3d 202.]

(No. 86-1824—Decided May 4, 1988.)

*Schnorf & Schnorf, David M. Schnorf* and *Christopher F. Parker,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Helen M. Ninos* and *Jeffery W. Clark,* for appellee Industrial Commission.

*Samuel J. Nugent,* for appellee Anthony W. Bracken.

*Per Curiam.* Appellant first argues that it was error for the commission to conclude that the blade involved was a guillotine-type cutter. Appellant urges that the design of the machine indicated that, because the blade cut in an arc-like fashion, the blade more resembled a scissors-type cutting blade. Appellant concludes that when the entire operating procedure of the cutter is considered, there is reliable, probative and substantial evidence to support its position that there was no violation of a specific safety requirement.

Initially, we must take issue with appellant's recitation of the standard of review applicable herein. It is well-settled that the resolution of disputed factual situations is within the sound discretion of the Industrial Commission. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 1 O.O. 2d 190, 139 N.E. 2d 41. Further, the interpretation of a specific safety requirement is also within the sound discretion of the commission. *Id.* Such determinations are subject to correction by an action in mandamus only upon a showing of an abuse of discretion. *State, ex rel. Cox,*

v. *Indus. Comm.* (1981), 67 Ohio St. 2d 235, 21 O.O. 3d 147, 423 N.E. 2d 441; *State, ex rel. Sanchez,* v. *Indus. Comm.* (1985), 18 Ohio St. 3d 46, 18 OBR 81, 479 N.E. 2d 864. Therefore, appellant cites the incorrect standard of review in stating that the commission's determination can be overturned where there is reliable, probative and substantial evidence to support a contrary conclusion.

Appellant makes this argument based upon the standard of review expressed in *State, ex rel. Thompson,* v. *Fenix & Scisson, Inc.* (1985), 19 Ohio St. 3d 76, 19 OBR 117, 482 N.E. 2d 1241. Despite this misleading language, the standard of review in Industrial Commission cases involving specific safety requirements remains whether there is some evidence to support a commission finding. Thus, where the record contains some evidence which supports the commission's findings, such findings will not be disturbed. To the extent that our decision in *State, ex rel. Thompson,* v. *Fenix & Scisson, Inc.* (1985), 19 Ohio St. 3d 76, 19 OBR 117, 482 N.E. 2d 1241, is in conflict with this standard, it is overruled.

Here, the commission reached its conclusion that the blade in issue was a guillotine-type cutter on the basis that the edge of the blade moved in a line at an angle to the frame of the machine but was not hinged at one end. The commission determined that the blade maintained the same angle to the frame throughout its up and down stroke. The description of the operation of the machine in its cutting sequence is contained in the record. Additionally, the record contains a letter dated May 13, 1983 from the manufacturer of the cutting machine in which the president of the company, H. VanderHout, described the machine and stated, "[t]he shear is of the Guillotine type * * *."

The court of appeals held that the above facts constituted some evidence to support the determination of the commission. As the court of appeals stated in its decision:

"Ordinarily it would be presumed that the president of the company, which manufactures a machine, knows the type of machine that is manufactured and sold. While the machine is not the classic guillotine cutter * * *, it operates in a manner very similar to the classic type and presents the same hazard to the worker using it. * * * Hence, there was some evidence to support the Industrial Commission's determination that the specific safety regulation pertaining to a guillotine cutter was applicable. See, *State, ex rel. Sanchez,* v. *Indus. Comm.* (1985), 18 Ohio St. 3d 46, 47.''

Thus, there was some evidence to support the determination of the commission that the blade involved in the accident was a guillotine-type cutter. Accordingly, the commission did not abuse its discretion in so holding. *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165, 22 O.O. 3d 400, 429 N.E. 2d 433.

Appellant contends that, even if the cutter was a guillotine-type cutter, the commission erroneously concluded that the failure of the machine to have a two-hand control device was a violation of a specific safety requirement.

Ohio Adm. Code 4121:1-5-11(D)(8) establishes the requirements for guillotine cutters, providing that:

"(a) All power guillotine cutters where the blade is exposed to contact shall be equipped with a two-hand control device.''

Appellant urges that the cutter did not have a blade exposed to contact and therefore a two-hand control device was not required. Ohio Adm. Code 4121:1-5-01(B)(11) (now [B][47]) states that:

" 'Exposed to contact' means that

the location of the material or object, during the course of operation, is accessible to the employee in performance of his regular or assigned duty."

Appellant contends that the operator of the machine does not come into contact with either the blade or the material in the performance of his regular or assigned duties. Appellant states that after the machine has been properly aligned, the operator turns on three separate power switches and thereafter the power feed rollers permit the material to be driven through the machine without any assistance by the operator until the revolution counter reaches a preset position. The operator stands at the output or exit end of the machine to remove and stack the cut material. Consequently, appellant urges, the operator is not exposed to contact, as that term is defined in the specific safety requirements, at any time during the performance of his regular or assigned duties.

As noted above, it was within the discretion of the commission to conclude that appellee was exposed to contact in the performance of his regular or assigned duties, because, while repairing the machine roller, he came into contact with the cutting blade.[1]

Accordingly, there was some evidence to support the findings of the commission. Therefore, the commission did not abuse its discretion and appellant has failed to establish a clear legal right to a writ of mandamus. *State, ex rel. Teece, supra.*

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

---

[1] Appellant's remaining propositions of law involve alleged newly discovered evidence and a claimed exemption from the safety requirement herein and are raised for the first time on appeal before this court. We find these propositions to be without merit.