THE STATE, EX REL. OHIO MUSHROOM COMPANY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Ohio Mushroom Co., *v.* Indus. Comm. (1989), 47 Ohio St. 3d 59.]

(No. 88-1119—Submitted September 12, 1989—Decided December 6, 1989.)

*Vorys, Sater, Seymour & Pease, Thomas M. Taggart* and *Joseph A. Brunetto,* for appellant.

*Gallon, Kalniz, & Iorio Co., L.P.A.,* and *William R. Menacher,* for appellee Alvarez.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James A. Barnes,* for appellee Industrial Commission.

*Per Curiam.* Under Section 35, Article II of the Ohio Constitution, the commission has "full power and authority to hear and determine whether or not an injury, disease or death resulted·because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes * * *." This determination rests exclusively with the commission and may be corrected by mandamus only where an abuse of discretion occurs. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 1 O.O. 2d 190, 139 N.E. 2d 41; *State, ex rel. Cleveland Wrecking Co.,* v. *Indus. Comm.* (1988), 35 Ohio St. 3d 248, 520 N.E. 2d 228. Upon review, we find that the commission abused its discretion in applying Ohio Adm. Code 4121:1-5-05(D)(1).

Claimant's VSSR application alleged violations under Ohio Adm. Code 4121:1-5, IC-5-03.07(A) and Bulletin 203. Bulletin 203, an early codification of specific safety requirements, was later replaced by IC-5, which was in turn replaced by Ohio Adm. Code 4121:1-5 in 1977. In the case before us, the commission ruled that, *based on claimant's 1982 date of injury,* Ohio Adm. Code 4121:1-5 applied. Code applicability, however, is controlled by the date the machine in question was placed into service, not by the date of injury. See *State, ex rel. Cunningham,* v. *Indus. Comm.* (1987), 30 Ohio St. 3d 73, 78, 30 OBR 176, 181, 506 N.E. 2d 1179, 1183; *State, ex rel. Sanchez,* v.

*Indus. Comm.* (1985), 18 Ohio St. 3d 46, 18 OBR 81, 479 N.E. 2d 864. Ohio Adm. Code 4121:1-5 became effective on August 1, 1977 — five years after the Longwood spawner was placed into service. The commission thus erred in finding Ohio Adm. Code 4121:1-5-05(D)(1) applicable.

Ironically, neither appellee seriously disputes this conclusion, arguing instead that appellant waived the issue by failing to raise it below. Examination of the record, however, reveals that appellant did raise the question before the appellate court. Moreover, despite representations to the contrary, we also find that the issue was raised before the commission by the claimant himself. Claimant's VSSR application cited all three codifications. In so doing, he implicitly asked the commission to make an applicability determination, which the commission did by selecting Ohio Adm. Code 4121:1-5.

The claimant also contends that, notwithstanding the applicability of Ohio Adm. Code 4121:1-5-05(D)(1), a violation of that section automatically entails a violation of its "predecessor," IC-5-03.07(A), since the two contain identical language. This assertion, however, ignores the fact that despite similar language, the scope of the two provisions differs significantly. Ohio Adm. Code 4121:1-5-05 applies to "Auxiliary Equipment" while IC-5-03 is restricted to "Power Transmission Machinery." This distinction, as we discussed in *Cunningham, supra,* invalidates any suggestion that the two provisions are equivalent. As stated therein:

"* * * In this new codification [Ohio Adm. Code 4121:1-5-05(D)(1)], the requirements of a disengaging switch and a lock-out device are not grouped under the rule governing 'Mechanical Power Transmission Apparatus' * * * but rather are contained in a new rule * * * governing 'Auxiliary Equipment.' This rule governs all auxiliary equipment, regardless of whether it transmits power to operating equipment. * * *

"* * * [T]he shifting of the language of the machinery control section of IC-5-03.07(A) and (B) to a rule covering 'Auxiliary Equipment' indicates a desire, on the part of the Industrial Commission, to expand the coverage of those safety requirements on and after August 1, 1977. * * *" *Id.* at 78, 30 OBR at 181, 506 N.E. 2d at 1183.

We acknowledge that Ohio Adm. Code 4121:1-5-05(D)(1) and IC-5-03.07 (A) have been used interchangeably in the past. See *State, ex rel. A-F Industries,* v. *Indus. Comm.* (1986), 26 Ohio St. 3d 136, 137, 25 OBR 117, 497 N.E. 2d 90, 92, fn. 1; *State, ex rel. Owens-Corning Fiberglas Corp.,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 145, 16 O.O. 3d 165, 404 N.E. 2d 140. Those decisions, however, preceded *Cunningham,* which we herein affirm as our definitive pronouncement on this question.

Based on the foregoing, we find that the commission abused its discretion in finding a violation of Ohio Adm. Code 4121:1-5-05(D)(1). Accordingly, the judgment of the appellate court is reversed.

*Judgment reversed.*

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.