THE STATE EX REL. MCVAY *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. McVay v. Indus. Comm.*
(1999), 86 Ohio St.3d 587.]

(No. 98–547—Submitted August 25, 1999—Decided September 22, 1999.)

588

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for relator.

*Betty D. Montgomery,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for respondent Industrial Commission.

*Per Curiam.* Ohio Adm.Code 4121:1–5–01(A), under which the disputed specific safety requirement falls, states in its "scope" provision:

"Installations or constructions built or contracted for prior to the effective date (shown at the end of each rule) of any requirement shall be deemed to comply with the provisions of these requirements if such installations or constructions comply either with the provisions of these requirements or with the provisions of any applicable specific requirement which was in effect at the time contracted for or built."

The commission ruled that this grandfather clause rendered controlling those specific safety requirements in effect when the towmotor was placed into service—April 1977. Because there were at that time no provisions requiring a visual or audible warning device, the application was denied.

Recently, in *State ex rel. Colliver v. Indus. Comm.* (1999), 84 Ohio St.3d 476, 705 N.E.2d 349, we held that a motorized mobile object is not "an installation or construction" for purposes of Ohio Adm.Code 4121:1–5–01(A) and is not subject to the provision's grandfather clause. Accordingly, the present claimant's VSSR application is governed by the specific safety requirements in effect on the date of injury.

Here applicable, Ohio Adm.Code 4121:1–5–13(C)(7) required "[a]ll motor vehicles operating within the confines of the owner's property" to have "an audible or visual warning device." The commission found that the towmotor had no "continuously operating audible or visual device," but did have a working horn. The question thus remains for the commission to determine whether this horn satisfied the requirements of Ohio Adm.Code 4121:1–5–13(C)(7).

Accordingly, we grant a writ of mandamus vacating the commission's order and returning the cause to the commission for further consideration and amended order.

*Writ granted*
*and cause returned.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.