[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 587.]

THE STATE EX REL. MCVAY *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. McVay v. Indus. Comm*., 1999-Ohio-181.]

*Workers' compensation—Industrial Commission's denial of application for an additional award for violation of a specific safety requirement vacated and cause returned to commission for further consideration and amended order, when.*

(No. 98-547—Submitted August 25, 1999—Decided September 22, 1999.)

IN MANDAMUS.

———————————

{¶ 1} Relator-claimant, Michelle M. McVay, was employed by Johnson Manufacturing Company ("Johnson"). On August 19, 1992, while returning to her work station, she was struck by a towmotor. The towmotor, placed into service in April 1977, did not have a visual warning system or continuously operating audible device. It did, however, have a warning horn.

{¶ 2} After her workers' compensation claim was allowed, claimant filed an application with respondent Industrial Commission of Ohio, alleging that Johnson had committed a violation of a specific safety requirement ("VSSR"), Ohio Adm.Code 4121:1-5-13(C)(7). That provision, effective January 1, 1986, provides that "[a]ll motor vehicles operating within the confines of the owner's property shall be equipped with an audible or visual warning device, in an operable condition, activated at the operator's station."

{¶ 3} A staff hearing officer denied claimant's application:

"[F]or the reason that claimant has cited no specific safety requirement which was violated when the claimant sustained the injury of record.

" * * *

"Specifically, it is found that the injury herein occurred when claimant

walked into the path of the towmotor being operated on the employer's premises, and was struck. This towmotor, purchased and placed in service by the employer in April of 1977, was not equipped with a continuously operating audible or visual device. There is evidence that the regular horn on the towmotor worked.

"Claimant has alleged a violation of [Ohio Adm.Code] 4121:1-5-13(C)(7), effective 1/1/86, and the corresponding section in the code effective 8/1/77 is 41[2]1:1-5-13(C)(6). With reference to 41[2]1:1-5-01(A), 'Scope,' and as this towmotor was placed in service in April of 1977, it is found that claimant has not cited a code section which applies, and the V.S.S.R. application must be denied. The IC-5 code in effect in April of 1977 contains no sections which apply to towmotors."

{¶ 4} This cause is now before this court as an original action in mandamus to compel the commission to grant claimant's VSSR application.

_____

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for relator.

*Betty D. Montgomery*, Attorney General, and *William J. McDonald*, Assistant Attorney General, for respondent Industrial Commission.

_____

***Per Curiam.***

{¶ 5} Ohio Adm.Code 4121:1-5-01(A), under which the disputed specific safety requirement falls, states in its "scope" provision:

"Installations or constructions built or contracted for prior to the effective date (shown at the end of each rule) of any requirement shall be deemed to comply with the provisions of these requirements if such installations or constructions comply either with the provisions of these requirements or with the provisions of any applicable specific requirement which was in effect at the time contracted for or built."

**{¶ 6}** The commission ruled that this grandfather clause rendered controlling those specific safety requirements in effect when the towmotor was placed into service — April 1977. Because there were at that time no provisions requiring a visual or audible warning device, the application was denied.

**{¶ 7}** Recently, in *State ex rel. Colliver v. Indus. Comm*. (1999), 84 Ohio St.3d 476, 705 N.E.2d 349, we held that a motorized mobile object is not "an installation or construction" for purposes of Ohio Adm.Code 4121:1-5-01(A) and is not subject to the provision's grandfather clause. Accordingly, the present claimant's VSSR application is governed by the specific safety requirements in effect on the date of injury.

**{¶ 8}** Here applicable, Ohio Adm.Code 4121:1-5-13(C)(7) required "[a]ll motor vehicles operating within the confines of the owner's property" to have "an audible or visual warning device." The commission found that the towmotor had no "continuously operating audible or visual device," but did have a working horn. The question thus remains for the commission to determine whether this horn satisfied the requirements of Ohio Adm.Code 4121:1-5-13(C)(7).

**{¶ 9}** Accordingly, we grant a writ of mandamus vacating the commission's order and returning the cause to the commission for further consideration and amended order.

*Writ granted*
*and cause returned.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————