DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Blanca A. Arce, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio ("commission"), to vacate its order that denied her application for a violation of a specific safety requirement ("VSSR") and to issue an order finding she is entitled to such an award.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided the requested writ of mandamus should be denied. Relator has filed objections to the magistrate's decision.
 {¶ 3} In her objections, relator argues that the magistrate incorrectly concluded that the cabbage coring machine in question is an installation, that the magistrate incorrectly concluded that the provisions in effect at the time the machine was placed into service are controlling, and that the magistrate incorrectly concluded that relator is not entitled to an additional award.
 {¶ 4} At the time of her injury, relator was operating a cabbage coring machine when the glove she was wearing was caught by a knife blade and she suffered deep lacerations to her right hand. Relator's workers' compensation claim was allowed for these injuries. Relator filed an additional VSSR application and alleged respondent-employer, Hirzel Canning Company, Inc., failed to comply with Ohio Adm. Code 4121:1-5-11(D)(13), that requires that all power knives, where exposed to contact, be guarded, except for the necessary working portion of the blade while the blade is being used.
 {¶ 5} A staff hearing officer denied the claim on the basis that the cabbage coring machine was an installation and that the safety regulations to be applied were those in effect when the equipment was installed in 1969 or 1970. The staff hearing officer decided that no safety regulations existed at that time pertaining to machines such as the cabbage coring machine.
 {¶ 6} In State ex rel. Sanor Sawmill, Inc. v. Indus. Comm.,101 Ohio St.3d 199, 2004-Ohio-718, the Ohio Supreme Court stated, at ¶ 14, 25:
* * * Because an additional award for a VSSR is, however, a penalty, it requires strict construction of the safety requirement, and "all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer." State ex rel. Burton v.Indus. Comm. (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216.
* * *
A specific safety requirement must plainly apprise an employer of its legal obligation to its employees. State ex rel. Trydlev. Indus. Comm. (1972), 32 Ohio St.2d 257, 61 O.O.2d 488,291 N.E.2d 748. * * *
 {¶ 7} In the first instance, the magistrate did not decide the machine at issue was an installation; rather, the magistrate concluded the commission did not abuse its discretion in finding the cabbage coring machine to be an installation. Relator argues that an installation or construction, as used in Ohio Adm. Code4121:1-5-01(A), is synonymous with a fixture, based on the Ohio Supreme Court's decision in State ex rel. Colliver v. Indus.Comm. (1999), 84 Ohio St.3d 476, 480, wherein the Supreme Court stated:
Armco's broad interpretation, however, ignores the plain meaning of "installations" and "constructions," words that customarily refer to something that can be installed or affixed to a structure. * * *
However, the court defined "installation" as something that could be affixed, not something that is or must be affixed. Here, the staff hearing officer found that the cabbage coring machine was a very large heavy machine set up for use in a specific location, and it was not mobile. Further, we note there was no evidence as to whether or not the machine was affixed to the structure, which was relator's burden to demonstrate. Thus, the magistrate did not err in finding the commission had not abused its discretion by concluding the machine at issue was an installation.
 {¶ 8} Although the magistrate may have used the date the equipment at issue was placed in service, as did the Ohio Supreme Court in State ex rel. Ohio Mushroom Co. v. Indus. Comm.
(1989), 47 Ohio St.3d 59, rather than the time the installation was contracted for or billed, as used in the administrative rule, the magistrate correctly found there were no safety requirements in existence in 1969 or 1970 that were applicable to this machine.[1] Thus, the magistrate correctly applied the rule.
 {¶ 9} Having found no merit to relator's first and second objections, we likewise find no merit to her third objection that the magistrate erred by failing to order an additional award for a VSSR.
 {¶ 10} Upon a review of the magistrate's decision and an independent review of the file, this court adopts the magistrate's decision as its own. Relator's objections to the magistrate's decision are overruled and the requested writ of mandamus is denied.
Objections overruled, writ of mandamus denied.
Bryant and Watson, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Blanca A. Arce, : Relator, : v. : No. 03AP-595 Industrial Commission of Ohio : (REGULAR CALENDAR) and Hirzel Canning Company, Inc., : :
Respondents. :
 MAGISTRATE'S DECISION Rendered on November 28, 2003 IN MANDAMUS {¶ 11} Relator, Blanca A. Arce, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her application for a violation of a specific safety requirement ("VSSR") and to issue an order finding that she is entitled to a VSSR.
 Findings of Fact {¶ 12} 1. Relator sustained a work-related injury on October 26, 1999, when her glove was caught in the cabbage coring machine knife causing lacerations to her right hand. Relator's claim is allowed for: "Open wound of right hand; scar and fibrosis of skin, right."
 {¶ 13} 2. On May 24, 2001, relator filed an application for an additional award for a VSSR specifically alleging that respondent Hirzel Canning Company, Inc. ("employer"), violated Ohio Adm. Code 4121:1-5-11(D)(13) requiring that all power knives, where exposed contact, shall be guarded except for the necessary working portion of the blade while being used.
 {¶ 14} 3. The matter was heard before a staff hearing officer ("SHO") on February 28, 2003, and resulted in an order which denied relator's application for an additional award for a VSSR on the basis that the cabbage coring machine in question was an "installation or construction" and, as such, the proper safety requirements to be applied were those in effect the date the machine was placed into service, either 1969 or 1970. The SHO determined that there were no safety requirements in effect in 1969 or 1970 pertaining to knife machines such as the cabbage coring machine at issue and, thus, no VSSR had occurred. The SHO specifically distinguished the instant case from the Supreme Court of Ohio's decision in State ex rel. Colliver v. Indus.Comm. (1999), 84 Ohio St.3d 476, and found that the Supreme Court's decision in State ex rel. Ohio Mushroom Co. v. Indus.Comm. (1989), 47 Ohio St.3d 59, was applicable. (The SHO order can be found at pages 110 through 112 of the record for the court's review.)
 {¶ 15} 4. Relator filed a motion for rehearing which was denied by order mailed February 24, 2003.
 {¶ 16} 5. Thereafter, relator filed the instant mandamus action in this court.
 Conclusions of Law {¶ 17} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewisv. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 18} In regard to an application for an additional award for a VSSR, relator must establish that an applicable safety requirement exists which was in effect at the time of the injury, that the employer failed to comply with the requirement and that the failure to comply was the cause of the injuries in question.State ex rel. Trydle v. Indus. Comm. (1972), 32 Ohio St.2d 257. An interpretation of a specific safety requirement is within the final jurisdiction of the commission. State ex rel. Berry v.Indus. Comm. (1983), 4 Ohio St.3d 193. Because a VSSR award is a penalty, it must be strictly construed and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer. State exrel. Burton v. Indus. Comm. (1989), 46 Ohio St.3d 170.
 {¶ 19} Relator had asserted that Ohio Adm. Code4121:1-5-11(D)(13) was applicable; however, the SHO determined that it was not applicable in the present case. Specifically, the SHO looked to Ohio Adm. Code 4121:1-5-01(A) which specifically provides as follows:
Installation or constructions built or contracted for prior to the effective date (shown at the end of each rule) of any requirement shall be deemed to comply with the provisions of these requirements if such installations or constructions comply either with the provisions of these requirements or with the provisions of any applicable specific requirement which was in effect at the time contracted for or built.
 {¶ 20} As such, the SHO had to determine whether or not the "cabbage coring machine" was an "installation" under the above-cited code provision. The SHO noted that the term "installation" is not defined in the Ohio Administrative Code, however, the SHO noted the following common ordinary dictionary definitions:
* * * [T]he state of being installed, something that is installed for use. The ordinary common dictionary definition of install is: to establish in an indicated place, condition, or status or to set up for use or service. (See Webster's Collegiate Dictionary tenth edition). The Staff Hearing Officer finds an "installation" is therefore more in keeping with a fixture and not mobile item.
 {¶ 21} The SHO then noted that the machine at issue is a very large heavy machine, set up for use in a specific location and that it was not mobile, such as a vehicle, small piece of equipment, or a tool. As a result, the SHO determined that the "cabbage coring machine" at issue was an "installation." Therefore, the SHO determined that the decision in Ohio MushroomCo., applied and that the case was distinguishable fromColliver.
 {¶ 22} In Ohio Mushroom Co., the claimant was injured by a spawner machine which was used to prepare mushroom beds. The court described the machine as having rotating tines similar to those of a Roto-tiller. On the date of the injury, the spawner was resting on the edge of a mushroom bed and, while claimant was on the floor below, a coworker plugged the machine in and the machine ran off of the bed and fell on to the claimant.
 {¶ 23} The claimant had sought an additional award for a VSSR citing Ohio Adm. Code 4121:1-5-05(D)(1), IC-5-03.07(A) and industrial commission bulletin 203, Chapter II, Section 13(A). The commission determined that the Ohio Administrative Code applied rather than the earlier standard, based on claimant's 1992 date of injury. On appeal, the Supreme Court of Ohio ultimately determined that the code's applicability was controlled by the date the machine in question was placed into service, and not by the date of the claimant's injury. As such, the court found that the commission erred in finding that Ohio Adm. Code 4121:1-5-05(D)(1) was applicable.
 {¶ 24} Later, in Colliver, the court was faced with the situation where the employee was crushed between two large steel coils when the breaking system of a coil tractor failed, and the tractor struck one of the coils, pinning the employee in between them. The employee's widow, claimant, sought an additional award for a VSSR alleging that the employer had violated 1986 safety regulations for powered industrial trucks in workshops and factories and cited the Ohio Administrate Code provisions in effect on the date of the employee's accident as well as the regulations in effect when the employer put the coil tractor into service in 1968. In determining that the coil tractor issue did not constitute an installation or a construction, the court noted that, in Ohio Mushroom Co., the court had implicitly found that the spawning machine was an installation or construction for purposes of the Ohio Administration Code since the court had grandfathered the machine into compliance with the workshop and factory safety regulations that the employer would have otherwise violated. However, the court noted that they had made no explicit finding. Thereafter, the court looked to the language of the safety code to determine whether the coil tractor, a mobile object, was within the meaning of "installations and constructions" as used in Ohio Adm. Code 4121:1-5-01(A). The court noted that neither "installations" nor "constructions" are defined in the administrative code; however, the court concluded that the terms generally refer to something which is installed or affixed to a structure and concluded that vehicles do not generally fit within that category.
 {¶ 25} Having concluded that the "cabbage coring machine" was an "installation," the SHO determined that the Ohio Administrative Code regulations in effect in 1969 or 1970, the date the machine was put into service, were controlling and that there were no regulations in effect in either 1969 or 1970 to include specific regulations for this type of knife machine.
 {¶ 26} Relator contends that the "cabbage coring machine" is not an "installation." Inasmuch as Ohio Adm. Code 4121:1-5-01(A) clearly provides that only installations or constructions are to be given the benefit of the grandfather clause, relator contends that the VSSR award should have been granted. Furthermore, relator contends that both Ohio Mushroom Co. and the grandfather clause itself have been limited by the Supreme Court of Ohio's more recent decision in State ex rel. McVay v. Indus.Comm. (1999), 86 Ohio St.3d 587.
 {¶ 27} In McVay, the claimant was returning to her work station when she was struck by a tow motor which had been placed into service in 1977 and did not have a visual warning system or a continuously operating audible device. Claimant sought an award for a VSSR under Ohio Adm. Code 4121:1-5-13(C)(7). The commission deter-mined that the Ohio Administrative Code provision did not apply as the scope of the tow motor was determined by the date it was placed in service and not the date of the injury.
 {¶ 28} Ultimately, the Supreme Court cited its recent decision in Colliver wherein it held that motorized mobile objects are not "installations or constructions" for purposes of Ohio Adm. Code 4121:1-5-01(A) and is not subject to the provision's grandfather clause. Accordingly, the court found that the claimant's VSSR application was governed by the specific safety requirements in effect on the date of her injury and not the date that the tow motor was placed into service.
 {¶ 29} Contrary to relator's assertions, this magistrate does not read the Supreme Court's decision in McVay to have limited either Ohio Mushroom Co. or the code's grandfather clause. Instead, the court has specifically held that motorized mobile objects are not "installations or constructions" for purposes of this code section.
 {¶ 30} In her argument, relator asserts that, in order to be considered an "installation" or "construction," the machine must be affixed to a structure. Relator relies upon that portion ofColliver wherein the court noted that "installations and constructions," although not defined in the Ohio Administrative Code, customarily refer to something that can be installed or affixed to a structure.
 {¶ 31} In making this argument, relator ignores two important facts. First, in Colliver, the court specifically noted that the plain meaning of "installation" and "construction" customarily refer to something that can be installed or affixed to a structure. The court did not define those terms to provide that the machine must be installed and affixed to a structure. As such, there is no requirement in Colliver that the machine at issue be "affixed to a structure" as relator asserts. Second, inColliver, the court also cited State ex rel. CommercialLovelace Motor Freight, Inc. v. Lancaster (1986),22 Ohio St.3d 191, wherein the claimant was injured on the job in 1978 while driving a forklift truck. The commission found that the code provisions in effect on the date of the injury applied instead of the provisions in effect on the date the forklift truck was placed into service. The court cited this court's determination that forklift vehicles do not appear to be trade fixtures within the definition of the phrase "installations or constructions." The court also noted that, in Ohio Mushroom Co., the court had made no explicit finding that the spawning machine was either an "installation" or "construction" and, as such, the court found that neither Ohio Mushroom Co. nor Commercial Lovelace were dispositive of the issue in Colliver. The court noted that they had reached opposite conclusions for different reasons.
 {¶ 32} Relator also points to that portion of the court's decision in Colliver wherein the court addressed the employer's argument that the grandfather clause encompasses everything for which the chapter establishes a safety requirement. The court noted that the employer's argument would necessarily bring "ladders, scaffolds, portable explosive fastening tools, hand tools, and other motorized vehicles and equipment" under the purview of the grandfather clause. Based upon this language, relator asserts that, unless the machine is affixed to the building, the Supreme Court's position in Colliver requires that the equipment be brought into compliance with the regulations. This magistrate disagrees.
 {¶ 33} Although the court's language above is instructive, it is dicta. In McVay, supra, the court cited its decision inColliver, and stated:
Recently, in State ex rel. Colliver v. Indus. Comm. (1999),84 Ohio St.3d 476 * * *, we held that a motorized mobile object is not "an installation or construction" for purposes of Ohio Adm. Code 4121:1-5-01(A) and is not subject to the provision's grandfather clause. * * *
Id. at 589.
 {¶ 34} Contrary to relator's assertions, the decision inColliver was limited to "mobile motorized objects."
 {¶ 35} Turning to the facts of the present case, this magistrate finds that the commission did not abuse its discretion in determining that the "cabbage coring machine" at issue constituted an "installation" for purposes of the applicability of the code provisions. As such, this magistrate finds that the provisions in effect at the time that the machine was placed into service apply and, as such, the grandfather clause provision of Ohio Adm. Code 4121:1-5-01(A) applied and relator was not entitled to an additional award for a VSSR.
 {¶ 36} Based on the foregoing, it is this magistrate's decision that the commission did not abuse its discretion in denying claimant's application for an additional award for a VSSR and this court should deny relator's request for a writ of mandamus.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE
[1] In this instance, both the date the machine was placed in service and the date the machine was contracted or billed for were the same, 1969-1970.