O’Neill, J.,
dissenting.
{¶ 26} Appellee Melvin E. Myers was using a ten-ton double-box-girder top-running crane with an 8,000-pound electric magnet to turn over a 1,200-pound piece of metal that he was welding. The hook holding the magnet and the piece of metal did not have a latch closing it, although the manufacturer clearly indicated that the safety latch was a critical part of the equipment that must be used to safely operate the crane and magnet. As Myers was working, both the magnet and the piece of metal slipped off the hook and crushed his hand. Myers filed for workers’ compensation benefits, which were granted, and he also filed a claim for additional compensation due to the violation of a specific safety requirement (“VSSR”), which was contested by the employer, appellant, Precision Steel Services, Inc. At the VSSR hearing, the Industrial Commission heard testimony from Myers’s supervisor that the manufacturer’s recommendations indicated that a hook with a safety latch should always be used when operating the crane with the magnet. The supervisor also testified that a crane at Precision Steel that did not have a latch would be taken out of service until the latch was replaced. Obviously, this one was not. Incredibly, the majority concludes that the Industrial Commission abused its discretion when it defined the terms “device” and “equipment” in two Ohio Administrative Code sections to include the safety latch on the crane hook.
{¶ 27} The majority mistakes this court’s role here. The starting point in any VSSR case is the Ohio Constitution. The Ohio Constitution states that the decisions of the Industrial Commission in VSSR cases are final. Article II, Section 35, Ohio Constitution (the commission “shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees”); see also State ex rel. *82 Burton v. Indus. Comm., 46 Ohio St.3d 170, 172, 545 N.E.2d 1216 (1989), citing State ex rel. Berry v. Indus. Comm., 4 Ohio St.3d 193, 448 N.E.2d 134 (1983) (the interpretation of a specific safety requirement is within the final jurisdiction of the commission). It is not the Supreme Court’s role to interpret rules for the commission in VSSR cases. See State ex rel. Internatl. Truck & Engine Corp. v. Indus. Comm., 122 Ohio St.3d 428, 2009-Ohio-3502, 912 N.E.2d 85, ¶ 10, 22 (“The interpretation of a specific safety requirement lies exclusively with the commission”). It is not our role to advance alternate theories that support one outcome or another. Rather, it is our role to determine whether the decision made by the Industrial Commission is supported by the evidence in the record.
{¶ 28} In VSSR cases, this court has explained that when the record contains some evidence to support the commission’s findings, the findings will not be disturbed. State ex rel. Fiber-Lite Corp. v. Indus. Comm., 36 Ohio St.3d 202, 204, 522 N.E.2d 548 (1988). That is the end of the inquiry. If there is some evidence in the record to support the commission’s determination that a VSSR occurred, this court is without authority to disturb that determination. See id. Thus, it is only if the record is devoid of some evidence to support the commission’s interpretation of its own rules that this court is authorized to issue a writ of mandamus correcting the commission’s determination. That is not the case here.
{¶ 29} Here, the commission determined that Precision Steel violated two separate safety regulations. Ohio Adm.Code 4123:l-5-15(B), regarding hoisting and haulage equipment, provides that “[ejquipment shall be removed from service when there is evidence of a defect, damage, or distortion which may weaken such equipment.” The commission determined that the absence of the safety latch on the hook amounted to a defect that weakened the equipment. The majority calls this an abuse of discretion because there is no specific reference in the rule to a hook latch as part of the hoisting or haulage equipment.
{¶ 30} However, the record includes testimony from Precision Steel’s operations manager that a safety latch was a necessary feature for use of the crane hook and that the latch should always be used when the magnet is connected. It is an exercise in semantics to assert that a safety latch that is required by the manufacturer’s instructions is not equipment. Similarly, it is unreasonable to expect that the rule must delineate each and every specific part or piece of a ten-ton overhead power crane that may qualify as equipment. The commission did not add language to the rule, as the majority implies; it simply determined that hoisting and hauling equipment for the ten-ton crane included the safety latch on the crane’s hook. The majority’s analysis in this case does not answer the critical questions before us: If a safety latch that would have averted this horrible accident is not equipment, what would be considered equipment? And more *83 important for future cases, Who gets to decide what is considered equipment? I suggest that the right answer is the Industrial Commission of Ohio.
Willacy, LoPresti & Marcovy, Salvatore J. LoPresti, Timothy A. Marcovy, and Michael S. Lewis, for appellant.
Michael DeWine, Attorney General, and John R. Smart, Assistant Attorney General, for appellee Industrial Commission.
Vanderhorst & Burgy, L.L.C., and Michael A. Vanderhorst, for appellee Melvin E. Myers.
{¶ 31} The second rule at issue in this case is Ohio Adm.Code 4123:1-5-14(G)(1). This rule requires that “[djefective crane safety devices or load-carrying equipment shall be repaired or replaced.” The commission determined that the absence of the latch on the hook warranted a finding that the crane had a defective safety device pursuant to Ohio Adm.Code 4123:1-5-14(0(1). As the Tenth District correctly observed, “failure to use a safety device does not mean that the unused safety device itself is defective.” 2013-Ohio-4381, 2013 WL 5519828, ¶ 34. However, as the court of appeals also observed, Ohio Adm.Code 4123:1-5-14(0(1) states that defective “load-carrying equipment” shall be repaired or replaced, and it is possible that the hook without its safety latch constituted defective load-carrying equipment.
{¶ 32} I would affirm the Tenth District’s decision in this case in every respect. The commission’s interpretation of its rules must be upheld when it is supported by some evidence in the record. State ex rel. Fiber-Lite, 36 Ohio St.3d at 204, 522 N.E.2d 548. Thus, the finding that Precision Steel violated Ohio Adm.Code 4123:l-5-15(B) should be affirmed. And this case should be remanded to the commission for it to determine whether the use of the hook without the safety latch constituted a failure to repair or replace defective load-carrying equipment in violation of Ohio Adm.Code 4123:1-5-14(0(1).
{¶ 33} The majority’s decision in this case ignores the Ohio Constitution and this court’s own case law. This court’s choosing the winner in this case unlawfully usurps the authority of the commission. The cost of that usurpation is workplace safety. The Tenth District properly resolved this case, and its decision should be affirmed. I dissent.
Pfeifer, J., concurs in the foregoing opinion.