DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Danstar Builders, Inc., commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order granting the application of respondent Donald Knight, Jr., for an additional award for the violation of a specific safety requirement ("VSSR"), and to find that claimant is not entitled to the award.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision the magistrate concluded: (1) relator was the employer of the decedent for purposes of a VSSR, (2) the commission did not abuse its discretion in failing to address the affidavit of Dr. Staubus, and (3) relator's compliance with OSHA requirements is irrelevant. Accordingly, the magistrate determined the requested writ of mandamus should be denied.
 {¶ 3} Relator has filed objections to the magistrate's decision, rearguing the same issues presented to the magistrate. For the reasons set forth in the magistrate's decision, the objections are overruled.
 {¶ 4} Relator's first objection contends the magistrate improperly concluded the earlier determination of whether decedent was an independent contractor is res judicata for purposes of the VSSR hearing. Relator submits that the magistrate's conclusion is erroneous, as a "VSSR claim is separate and distinct from the workers' compensation claim." (Objections, 1.) As the magistrate noted, however, the issue of relator's employment relationship to the decedent was twice previously litigated and determined to final conclusion. Relator posits no persuasive reason it should have the opportunity to again litigate an issue finally determined adversely to it.
 {¶ 5} In its second objection, relator contends the magistrate erred in concluding the commission did not need to explain its failure to rely upon the report of Alfred E. Staubus, Ph.D. As the magistrate noted, the commission properly concluded that "decedent's unilateral negligence will only bar an award where the employers [sic] first found to be in compliance with the relevant safety code provisions." (Magistrate's Decision, ¶ 25.) (Citations omitted.) Because the staff hearing officer found relator was not in compliance with the relevant safety code provisions, the decedent's alleged negligence is not a bar. Accordingly, as a matter of law, the staff hearing officer was not required to explain the failure to rely on the report of Dr. Staubus.
 {¶ 6} Finally, relator contends that in its installation of slide guards, it provided protection equivalent to the lifelines, safety belts and lanyards required under the pertinent Ohio Administrative Code provisions. As the magistrate observed, however, the slide guards were not in place at the time decedent fell. As a result, even if slide guards may be deemed comparable protection, relator failed to comply with the appropriate administrative regulations.
 {¶ 7} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled; writ denied.
BROWN, P.J., and LAZARUS, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Danstar Builders, Inc.,:
 Relator, :
v. : No. 04AP-309
Industrial Commission of Ohio and : (REGULAR CALENDAR)
Donald Knight, Jr., Deceased, :
Lisa Knight, Widow-Claimant, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on September 28, 2004. Gibson Robbins-Penniman, and J. Miles Gibson; Isaac, Brant, Ledman Teetor, and Douglas J. Suter, for relator.
Jim Petro, Attorney General, and Charissa Payer, for respondent Industrial Commission of Ohio.
Pencheff Fraley Co., LPA, and Joseph A. Fraley, for respondent Lisa Knight.
IN MANDAMUS
 {¶ 8} Relator, Danstar Builders, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted the application of respondent Donald Knight, Jr. ("decedent") an additional award for the violation of a specific safety requirement ("VSSR"), and ordering the commission to find that claimant is not entitled to that award.
Findings of Fact:
 {¶ 9} 1. On December 31, 2001, decedent sustained an injury in the course of and arising out of his employment which ultimately resulted in his death on January 11, 2002, when he fell to the ground from the roof of a house under construction. His claim was allowed for:
* * * Bilateral distal radius fracture orif; bilateral acute trauma carpal tunnel (wrists); skull fracture; fracture frontal lobe; compression fracture dorsal vertebra; fracture maxillary antrum; compartment syndrome right forearm early complicated trauma.
 {¶ 10} 2. On September 13, 2002, decedent's widow, Lisa Knight ("claimant"), filed an application for an additional award for a VSSR. Claimant alleged that decedent's death was the result of relator's failure to provide lifelines, safety belts and lanyards, or catch platforms along the edge of the house's roof, as required by Ohio Adm. Code 4121:1-3-09(F)(1) and 4121:1-3-03(J)(1).
 {¶ 11} 3. The staff hearing officer ("SHO") made the following findings of fact with regard to decedent's injuries and whether or not relator had violated the safety requirements as follows:
It is further the finding of the Staff Hearing Officer that the decedent's death was the result of the employer's failure to provide lifelines, safety belts and lanyards, or catch platforms along the edge of the house's roof, as required by OAC section 4121:1-3-09(F)(1), and OAC section 4121:1-3-03(J)(1) as required by and, the Code of Specific Requirements of the Industrial Commission relating to construction.
The decedent sustained fatal injuries to his head when he fell to the ground from the roof of a house under construction. He was in the process, along with a couple of co-workers, of putting down plywood sheathing on the roof when he slipped on a patch of ice and fell off of the roof all the way to the ground. He was not wearing a safety belt at the time, and no lifeline had been erected in the area. There was no catch platform or slide guard around the edge of the roof, or any other equivalent type of fall protection in place. There is no dispute that he fell more than six feet from the roof to the ground. The claimants in this case are the minor dependents of the decedent.
The claimants have cited and alleged a violation of the following specific safety code requirements:
OAC sections 4121:1-3-03(J)(1) and 4121:1-3-09(F)(1).
Section 4121:1-3-03(J)(1) requires that an employer provide safety belts, lifelines and lanyards in cases where an employee is exposed to a risk of falling more than six feet. It is the employee's responsibility to wear or use these items once provided. Section 4121:1-3-09(F)(1) requires an employer to install catch platforms around the edge, or eaves of a pitched roof with a rise of four inches in twelve or greater. The provision of safety belts and a secured lifeline may be used in lieu of catch platforms. The evidence is clear in this case that at the time of the decedent's fall there was no lifeline with safety belts, or catch platforms in place. The Staff Hearing Officer relies on the OSHA citation no. 1, item 3 contained in the file in making the above findings of fact. These findings of fact were not specifically contested at the record hearing. Therefore, the Staff Hearing Officer finds that the employer was in violation of the specific safety requirement rules cited by the claimants in this case.
 {¶ 12} 4. In defense of claimant's allegation of a VSSR, relator raised numerous arguments. First, relator argued that decedent was not an employee of relator on the date of the incident in question, but, rather, was a subcontractor. The SHO determined this issue as follows:
* * * Furthermore, the employer raised this same defense to the allowance of the claim at the original District Hearing Officer and Staff Hearing Officer allowance hearings conducted on 02/25/2002 and 04/08/2002, and the Commission issued orders from those hearings finding the decedent to have been an employee, not an independent contractor, of the employer, for purposes of workers' compensation coverage. The Staff Hearing Officer finds that the employer's independent contractor defense is res judicata, as that issue has already been decided by the Commission through final orders. In addition, the employer's argument that any doubt as to whether the decedent was an employee or an independent contractor must be construed in favor of the employer, pursuant to the standard of strict construction per the case of State ex rel. Burton v. IndustrialCommission (1989), 46 Ohio St.3d 170, is not found persuasive, as the strict construction standard applies only to the interpretation of the actual safety code requirement language, not to issues of factual determinations, or legal analysis not involving the specific safety codes.
 {¶ 13} Relator had also argued that, inasmuch as the general contractor was primarily responsible for the project and, in particular, controlled the project site, that it was the general contractor who was responsible for decedent's injuries and not relator. In response, the SHO made the following findings:
In a similar vein, the employer has argued that it is not the responsible party because they were not the general contractor on the project, and the general contractor on the project was primarily responsible for the project, and in particular, controlled the project site. It was the general contractor who had installed slide guards around the roof on days immediately prior to the date of the decedent's accident. This argument, however, is also not found persuasive, as the legal test is whether the employer in question, in this case Danstar Builders, had "the authority to alter or correct" the equipment or site that was the subject of the specific safety requirement. See State exrel. Reed v. Industrial Commission (1965), 2 Ohio St.2d 200 and State exrel. Lyburn Constr. Co. v. Industrial Commission (1985), 18 Ohio St.3d 277. In this case, while it may have been true that the general contractor had primary responsibility and control over the construction site, there is no evidence that the employer of record did not have any authority to install lifelines and provide safety belts, or other similar fall protection, on the site. More than one entity can have authority over a piece of equipment or construction site in question. The issue is not who has the primary responsibility or authority, but rather, whether the employer in question had authority. The Staff Hearing Officer finds that the employer in this case had authority to provide fall protection at the site, as they were responsible for the framing of the house, and there has been no evidence introduced to prove that only the general contractor had such authority.
 {¶ 14} The employer had also argued that inasmuch as "slide guards" are an accepted means of fall protection pursuant to OSHA regulations, lifelines and safety belts were both not feasible and not required. In response thereto, the SHO made the following findings:
The employer has also argued that in performing roof sheeting, lifelines and safety belts are not a feasible form of fall protection, that the proper form is the provision of slide guards around the edge of the roof. The employer indicated that slide guards are the accepted means of fall protection pursuant to OSHA regulations. The Staff Hearing Officer does not find this argument persuasive. Pursuant to State exrel. Mosser Constr. v. Industrial Commission (1991), 61 Ohio St.3d 445, practical inconvenience in complying with a safety requirement is no excuse for non-compliance. Also, federal regulations, including OSHA regulations, are not relevant in determining a violation of Ohio specific safety requirements. State ex rel. Roberts v. Industrial Commission
(1984), 10 Ohio St.3d 3. Finally, what is important here is that there was no fall protection of any type on site at the time of the decedent's fall, whether that be lifelines and safety belts, catch platforms, or slide guards.
 {¶ 15} Lastly, relator had argued that decedent had been smoking marijuana on the day of the accident and submitted the affidavit of James Fulk who averred that decedent smoked marijuana on the way to work, at the job site before he began to work and at lunch. This was confirmed by affidavit of Steve Lytten, who acknowledged the same in his affidavit. Relator had argued that decedent's marijuana smoking was the cause of his injury and that any violation of a VSSR was not the cause of decedent's injury. The SHO addressed that issue as follows:
The employer finally argued that the application is barred by the decedent's negligence, in that he was under the influence of a controlled substance at the time of his fall, citing the statements on file of co-workers James Fulk and Eric Lytten, and the report of Dr. Alfred E. Staubus dated 05/10/2003. This argument also fails, as it is well established that in order for a claimant's unilateral negligence to bar a safety violation award the employer must first be in compliance with the relevant safety code requirements, which was not the case here. See Stateex rel. Quality Tower v. Industrial Commission (2000), 88 Ohio St.3d 190.
 {¶ 16} 5. Relator's motion for rehearing was denied by order of the commission mailed January 31, 2004.
 {¶ 17} 6. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State exrel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 19} In regard to an application for an additional VSSR award, the claimant must establish that an applicable and specific safety requirement exists, which was in effect at the time of the injury, that the employer (relator herein) failed to comply with the requirement, and that the failure to comply was the cause of the injury in question. Stateex rel. Trydle v. Indus. Comm. (1972), 32 Ohio St.2d 257. The interpretation of a VSSR is within the final jurisdiction of the commission. In making a VSSR award, the commission must determine that the decedent's injury resulted from the employer's failure to comply with the specific safety requirement. Section 35, Article II, Ohio Constitution; State ex rel. Haines v. Indus.Comm. (1972), 29 Ohio St.2d 15. This is a factual determination, within the final jurisdiction of the commission, subject to correction in mandamus only upon a showing of an abuse of discretion. State ex rel. Allied Wheel Products, Inc. v. Indus.Comm. (1956), 166 Ohio St. 47. Because a VSSR award is a penalty, however, it must be strictly construed, and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer. State ex rel. Burton v.Indus. Comm. (1989), 46 Ohio St.3d 170. Where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus will not lie. State ex rel. Burley v. CoilPacking, Inc. (1987), 31 Ohio St.3d 18.
 {¶ 20} In this mandamus action, relator does not contest the commission's determination that relator failed to comply with specific safety requirements listed in the Ohio Administrative Code. Instead, relator raises three arguments: (1) decedent was not only an independent contractor, but, also, when he was injured, he was working under the sole direction of the general contractor and, as such, relator herein is not the employer for purposes of a VSSR; (2) the commission abused its discretion by not addressing and accepting the uncontroverted evidence that decedent's injuries were caused by his inhalation of marijuana and not by any failure on the part of relator to follow the specific safety requirements; and (3) relator's compliance with OSHA requirements was sufficient. For the reasons that follow, the magistrate finds that these arguments fail.
 {¶ 21} First, this is the second time that relator has argued that it was not the employer for purposes of the applicability of a VSSR. As the SHO noted in the October 9, 2003 order, relator had raised this same defense challenging the allowance of decedent's claim and the issue was determined by a DHO on February 25, 2002, and an SHO on April 8, 2002. No subsequent actions were pursued challenging this finding. The commission had already determined that decedent had been an employee, and not an independent contractor, of this employer (relator herein) for purposes of the workers' compensation coverage. Furthermore, the SHO also determined that relator's argument that any doubt as to whether or not decedent was an employee or an independent contractor must be construed in favor of the employer, pursuant to the standard of strict construction of a VSSR, was not persuasive. The SHO determined that the strict construction standard applies only to the interpretation of the actual safety code requirement language and not to issues of factual determination, or legal analysis not involving the specific safety codes.
 {¶ 22} Res judicata operates to preclude the relitigation of a point of law or fact which was at issue in a former action between the same parties and which was passed upon by a court of competent jurisdiction.Consumers' Counsel v. Pub. Util. Comm. (1985), 16 Ohio St.3d 9. The doctrine of res judicata applies to administrative proceedings which are judicial in nature, including claims before the commission, because they allow each of the parties an ample opportunity to litigate the issues involved in that proceeding. Consumers' Counsel.
 {¶ 23} Inasmuch as the issue of whether decedent was an independent contractor or an employee of relator had already been determined in a hearing before the commission, the commission properly applied res judicata at the VSSR hearing.
 {¶ 24} Relator also argues that the commission abused its discretion by not addressing, head on, its contention that decedent's cause of injury was related solely and directly to his use of marijuana prior to the moment he slipped on the ice, lost his balance and fell from the roof. Relator points to the report of its expert Alfred E. Staubus, Ph.D., who opined that marijuana causes decreases in balance, steadiness, and muscle strength even at low doses. Based upon the statements made by Lytten and Fulk, Dr. Staubus opined, to a reasonable degree of medical certainty, that decedent would have been expected to experience alterations in his psychomotor functions resulting in decreases in his balance, steadiness, and muscle strength. Relator contends that the commission was required to accept this evidence on the issue of causation thereby relieving relator of liability; however, for the following reasons, this magistrate specifically disagrees.
 {¶ 25} In addressing this issue, the commission noted that decedent's unilateral negligence will only bar an award where the employers first found to be in compliance with the relevant safety code provisions. SeeState ex rel. Frank Brown Sons, Inc. v. Indus. Comm. (1988),37 Ohio St.3d 162, and State ex rel. Quality Tower Serv., Inc. v. Indus.Comm. (2000), 88 Ohio St.3d 190. As the Ohio Supreme Court has noted, an employee's negligence in failing to protect himself from injury due to an employer's VSSR will never bar recovery because specific safety requirements exists to promote a safe work environment and to protect employees against their own negligence, folly, and stupidity. While it could be said that, if decedent actually did smoke marijuana before his injury, the marijuana caused him to lose his balance; however, if the relator had not violated the specific safety requirement by failing to provide lifelines or catch platforms, then decedent likely would not have sustained the injuries he sustained. Again, the employee's own actions will only bar recovery against a VSSR award where the employer is first found to be in compliance with the safety requirements. Furthermore, a toxicology screen was performed as part of the autopsy and the results were negative. In the present case, the commission determined and this magistrate agrees that relator was not in compliance with the specific safety requirements. Therefore, decedent's action of allegedly smoking marijuana, which arguably caused him not to be able to regain his balance after he slipped on ice, is immaterial. There is no way that relator can demonstrate that the ingestion of marijuana caused decedent to step on the ice in the first place. The only thing that relator can argue is that the inhalation of marijuana impaired decedent's ability to regain his balance after he stepped on the ice. But regardless, it is immaterial and the commission did not abuse its discretion in failing to analyze this issue in the manner that relator suggests.
 {¶ 26} Furthermore, relator argues that decedent failed to utilize slide guards as is relator's company policy. Pursuant to OSHA, slide guards are an appropriate and effective protection when performing roof work such as what was being performed at the time of decedent's injury. However, as the commission determined, it is immaterial that relator demonstrates that it complied with OSHA regulations. Federal regulations, including OSHA regulations, are not relevant in determining whether or not a violation of Ohio's specific safety requirements has occurred. See State ex rel. Roberts v. Indus. Comm. (1984),10 Ohio St.3d 1.
 {¶ 27} Relator cites State ex rel. Wheeling-Pittsburgh Steel Corp. v.Indus. Comm., Franklin App. No. 01AP-1285, 2002-Ohio-4854 ("Wheeling-Pittsburgh I"), and asserts that this court has ruled that equivalent forms of protection are acceptable; therefore, the employer's policy of utilizing slide guards, per OSHA regulations, should be deemed sufficient. Wheeling-Pittsburgh I was recently affirmed by the Ohio Supreme Court in State ex rel. Wheeling-Pittsburgh Steel Corp. v. Indus.Comm. 100 Ohio St.3d 26, 2003-Ohio-4831 ("Wheeling-Pittsburgh II"); however, it does not apply to the facts of this case.
 {¶ 28} In Wheeling-Pittsburgh II, the regulation at issue was Ohio Adm. Code 4121:1-5-02(D), which applies to elevated platforms and walkways, and requires guarding in the form of standard railings and toe boards. An exception is provided; however, when such would result in an impairment of the work being performed. In such an event, the regulation provides that alternative protection may be provided so long as it provides equal or greater safety protection.
 {¶ 29} Further, relator's citation to State ex rel. Highfill v.Indus. Comm. (2001), 92 Ohio St.3d 525, fails to support its argument. InHighfill, the court found that the fact that the employee could have attached his safety belt to something other than a lifeline did not comply with Ohio Adm. Code 4121:1-3-03(J). Highfill does not support relator's argument that alternatives can be utilized in place of those safety devices provided for in the regulations.
 {¶ 30} In the present case, there is no exception regarding the use of lifelines or catch platforms which was met by relator, except that Ohio Adm. Code 4121:1-3-03(J)(7) provides that safety nets may be used in lieu of lifelines; however, the code does not provide that slide guards are acceptable. Furthermore, lifelines are permissible under Ohio Adm. Code4121:1-3-09(F)(1) in lieu of catch platforms. Relator's argument that it was free to use any means it deemed appropriate fails. As such, decedent's alleged failure to install slide guards does not constitute grounds barring recovery in the present case.
 {¶ 31} Based on the foregoing, this magistrate finds that relator has not demonstrated that the commission abused its discretion in making an award for the violation of a specific safety requirement and this court should deny relator's request for a writ of mandamus.